Hilda MARKWARDT, Appellant,

v.

Norman J. MARKWARDT, Respondent.

No. 41969.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 14, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1981.

Application to Transfer Denied
July 14, 1981.

Hale W. Brown, Kirkwood, for appellant.

Jeremiah Nixon, Hillsboro, for respondent.

PUDLOWSKI, Judge.

Appeal from a dissolution of marriage proceeding in the Jefferson County Circuit Court. We affirm.

On the third day of trial, after an extensive settlement conference, the parties resolved their differences as to their rights and interests in marital property. There were no child custody issues involved. The detailed terms of the lengthy oral settlement agreement were read into the record by the wife's attorney.[1] Each party stated under oath that they understood and agreed to the terms as read in open court and agreed to be bound thereby. The court found the terms of the oral agreement to be fair, reasonable and conscionable. Wife's attorney stated he would provide the court with a writing memorializing the terms of the oral separation agreement and the court ordered him to do so. Shortly, thereafter, the wife reneged on executing the agreement and contended in a motion to set aside that she was mentally incompetent. The trial court heard additional medical evidence of the wife's mental and physical condition and found her competent. This ruling was supported by substantial evidence. The court then ordered both parties to execute the agreement.

On appeal the wife's attorney, in a fulsome and circumlocutious manner seems to urge that the trial court erred in approving the terms of the oral separation agreement. The apparent basis for this contention is that approval of the agreement was contrary to § 452.325.1.[2] That statute provides that the parties to a dissolution of marriage proceeding "may enter into a written separation agreement containing the provisions for ... the disposition of property owned by either of them ...."

Appellant cites *Block v. Block*, 593 S.W.2d 584 (Mo.App.1979) and *Turpin v. Turpin*, 570 S.W.2d 831 (Mo.App.1978) in support of the proposition that the settlement agreement must be in writing. *Block* is not on point. The issue in that case was that the trial court did not comply with the provisions of § 452.325 because there was no determination by the trial court of the economic circumstances of the parties. *Block v. Block*, 593 S.W.2d at 590. That conten-

tion is not before us. In *Turpin*, the appellant contended that the trial court erred "in finding that the oral stipulation read into the record concerning the division of marital property was not unconscionable and in adopting same because there was no evidence to support such finding and the court lacked jurisdiction to approve such unsupported oral division which was required to be in writing by § 452.325 RSMo 1969 (Laws 1973)." *Turpin v. Turpin*, 570 S.W.2d at 834. The Western District of the Missouri Court of Appeals reluctantly agreed. The apparent basis for this ruling was that the appellate court was unable to determine from the scanty record whether a separation agreement had in fact been reached. The court noted neither the appellant nor his counsel was asked whether they consented to the agreement. The appellate court admonished the trial court for simply adopting the alleged agreement "without evidence or other information (so far as appears from this record) as to the factors which required its consideration even had the purported agreement been reduced to writing before the court could determine whether or not such written agreement was consciable or unconscionable, as it was the court's statutory duty to do so." *Turpin v. Turpin*, 570 S.W.2d at 835.

We recognize both *Block* and *Turpin*. However, the instant case is distinguishable. In the case before us it is clear the parties entered into a binding stipulation in open court concerning the division of their property. Like the Supreme Court of Missouri this court believes that an oral stipulation should be as binding as a written contract when the oral agreement is entered into in open court by parties represented by able counsel and the agreement is spread upon the record. *Fair Mercantile Co. v. Union-May-Stern Co.*, 359 Mo. 385, 221 S.W.2d 751, 755 (1949). Indeed such an agreement is a contract, but made with greater "solemnity and better protection to

---

1. The wife, on appeal, is represented by other counsel.

2. All statutory references are to 1978 RSMo unless otherwise indicated.

the rights of the parties than an ordinary contract made out of court." Id. at 755. See also *Dittmeir v. Laughlin,* 253 S.W. 777, 780 (Mo.App.1923).

 From the voluminous record we conclude the trial court did not err in approving the oral separation agreement. In its findings the court determined that: the agreement was made in open court; the attorney representing the appellant was very proficient; appellant understood and consented to the agreement; and the agreement was specific, fair, reasonable and conscionable. In so doing the court fulfilled its statutory duty as set out in § 452.325.

Judgment affirmed.

GUNN, P. J., and STEPHAN, J., concur.