**Francis Joseph PEIRICK, Appellant,**

v.

**Patricia Rose PEIRICK, Respondent.**

**No. 44696.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 12, 1982.

Richard L. Murray, Clayton, for appellant.

Bill Eckelkamp, Washington, for respondent.

CRIST, Judge.

On this appeal from a dissolution of marriage decree, appellant (husband) assigns error to the trial court's approval of the parties' oral in-court stipulation for the disposition of their property, and to an order denying without an evidentiary hearing husband's "Motion to Court to Set Aside Decree of Dissolution on Own Initiative." Husband also questions the award to wife of the family home, but we find neither error in the award nor precedential value in discussing it and accordingly affirm that part of the decree under Rule 84.16(b).

Husband's main point is that the trial court erred in approving the parties' in-court stipulation for the disposition of their property. Both parties were represented by counsel, who by the trial date had finally reached agreement on the terms of the stipulated settlement. The terms are not an issue here and we will not recount them, other than to note they cover the usual things—household goods and personal effects, real property, insurance policies, automobiles, bank accounts, etc.—and in such detail that the substance thereof occupies about half of their ten-page decree. The trial court found the testimonial settlement conscionable, § 452.325(2), RSMo. 1978 (all further references to statutory sections are to RSMo. 1978), and ordered the parties' property divided accordingly. Husband tried to renege on the agreement about a month after the trial court approved it, and this appeal followed.

■ Husband's first argument, that the trial court improperly approved the orally-stipulated property settlement because it was not a "written separation agreement" provided for in § 452.325.–1, is answered in *Hansen v. Ryan*, 186 S.W.2d 595, 600 (Mo. 1945):

In the administration of justice and the prompt dispatch of business, courts must and do act upon the statements of counsel and upon the stipulations of parties to pending causes. Where the parties have voluntarily entered into a stipulation, which appears fair and reasonable for the compromise and settlement of the issues of a pending cause, and where the stipulation is spread upon the record with the consent and approval of the court, as here, the parties are bound thereby and the court may, thereafter, properly proceed to dispose of the case upon the basis of the pleadings, the stipulation and admitted facts.

Nothing in § 452.325 repudiates the just-quoted rule. That the parties to a dissolution of marriage action may dispose of their property through a written separation agreement does not imply that a written separation agreement is the only way the parties may dispose of their property. Accordingly, and consonant with the principles approved in *Hansen v. Ryan*, we held in *Markwardt v. Markwardt*, 617 S.W.2d 461, 462 (Mo.App.1981):

[I]t is clear the parties entered into a binding stipulation in open court concerning the division of their property. Like the Supreme Court of Missouri this court believes that an oral stipulation should be as binding as a written contract when the oral agreement is entered into in open court by parties represented by able counsel and the agreement is spread upon the record. [citation omitted]

*And see: Crabtree v. Crabtree*, 527 P.2d 920 (Colo.App.1974). It was not error for the trial court to order a disposition of the parties' property on their oral, in-court stipulation rather than on an earlier written separation agreement.

■ Husband argues the trial court also erred in finding the stipulated settlement conscionable, in that the trial court did not first consider all the "relevant factors" in § 452.330.–1 that bear on the disposition of marital property. Husband mistakes the applicable standard for the trial court's review of the parties' property settlement. The "relevant factors" in § 452.330.–1 apply when in the absence of any agreement the trial court must "divide the marital property in such proportions as the court deems just . . . ." *Id.* Here, however, the property division was made by the parties' agreement, and the trial court was bound by that agreement unless the agreement is

unconscionable, § 452.325(2)—unconscionability being an inequality so strong, gross, and manifest that it must be impossible to state it to one with common sense without producing an exclamation at the inequality of it. See: *Carter v. Boone County Trust Co.,* 338 Mo. 629, 92 S.W.2d 647, 658 (1935). The trial court used the correct standard, and the finding of conscionability is supported by the record.

■ Finally, husband assigns error to the trial court's refusal to hold an evidentiary hearing on the assertion in his post-decree motion he was under duress when he stipulated to the property settlement. There was no error because the motion itself, filed thirteen days after the period had expired for filing a motion for a new trial, had no legal status whatever and was therefore without power to produce any effect on the decree. *State ex rel. Conant v. Trimbel,* 311 Mo. 128, 277 S.W. 916, 921 (1925); *State ex rel Diners' Financial Corporation v. Swink,* 434 S.W.2d 593, 595 (Mo.App.1968). As no evidence in support of the "motion" would have been of any consequence, refusal to take such evidence was proper.

Decree affirmed.

REINHARD, P.J., and SNYDER, J., concur.