**Marnay S. O'NEAL,
Petitioner-Appellant,**

v.

**F. Hodge O'NEAL, Respondent.**

No. 47478.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 29, 1984.

Theodore F. Schwartz, Clayton, for petitioner-appellant.

Harold B. Bamburg, St. Louis, for respondent.

KAROHL, Presiding Judge.

Petitioner Marnay O'Neal (wife) appeals from a decree dissolving her marriage to respondent F. Hodge O'Neal (husband) and an order enforcing a written separation

agreement which was incorporated into the decree. We affirm in part and reverse in part.

■ Wife's petition prayed for a legal separation, and husband cross-petitioned asking that a dissolution be granted. Wife first contends that because she requested a legal separation the trial court, under § 452.305.2 [1] was required to grant the decree in that form. We disagree. Both parties alleged in their petitions that the marriage was irretrievably broken, and the trial court so found. Our Supreme Court has held that under these circumstances § 452.320.1, enacted after § 452.305.2, controls and mandates that the court enter a dissolution decree rather than a decree of legal separation. *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 63 (Mo. banc 1983).

Wife next contends that the trial court erred in ordering the enforcement of a written separation agreement which she had refused to sign and in incorporating said agreement into the decree.

We view the facts in the light most favorable to the trial court's decree. After several hours of negotiations on the day the cause was set for trial, June 1, 1983, the parties reached an oral agreement as to maintenance and the division of their property. The parties were present in the courthouse but were in separate rooms and communicated only through their attorneys. Although the attorneys took some notes as to the terms of the agreement, nothing was entered into the record on that day. The parties' lawyers merely informed the judge that they had reached an agreement, and the judge asked them to let him know when they would like him to hear the case. Neither a formal memorandum passing the case for settlement nor the terms of the agreement were presented to the court. The parties agreed husband's attorney would put the terms of the oral agreement into writing for the parties to sign. Husband had several local witnesses on call and informed them they would not be needed.

Two days later, on June 3, 1983, wife called her attorney and told him she was dissatisfied with the agreement they had discussed and did not intend to sign it. Her attorney informed opposing counsel of wife's position and then withdrew from the case.

On June 14, 1983, husband's attorney filed a motion to enforce settlement. The motion to enforce alleged that the parties had agreed on "all the issues in litigation." The oral agreement, if there was one, had been reduced to writing, but wife did not receive a copy until the day of the hearing on husband's motion, June 20, 1983. On that day she received a copy but did not read the document. After hearing testimony and receiving memoranda from the parties, the court granted husband's motion to enforce settlement. The court ordered wife to sign the agreement and granted a dissolution decree which incorporated the now written separation agreement.

Separation agreements are authorized in § 452.325.1:

*To promote the amicable settlement of disputes between the parties* to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody support and visitation of their children. (emphasis added)

In the instant case no children had been born of the marriage and the written agreement pertained only to maintenance and property.

■ A separation agreement is unique in that the trial court must review it and, considering the parties' economic circumstances and any other relevant factors, find it conscionable before it takes effect. § 452.325.2. There are thus actually three parties who must approve of its terms before it may be enforced. In this respect a separation agreement under § 452.325.1 differs from a settlement agreement in a

---

**1.** All statutory references are to RSMo 1978     unless otherwise indicated.

typical civil suit. The statute specifically asserts that the purpose of such agreements is "[t]o promote the amicable settlement of disputes between the parties to a marriage." § 452.325.1. Given the stated purpose of separation agreements and the fact that to some extent they are three-party agreements, we find that the legislature intended that the husband and wife jointly, while in agreement, come before the court and present their proposed settlement for the court's approval. Either one or both of the parties may offer the existing agreement when presented.

Such was not the case here. Although both attorneys stated to the court on June 1, 1982, that they had reached a settlement agreement, it was not in written form, the terms of the agreement were not "spread upon the record,"[2] and neither of the parties then testified that they had so agreed. By the time the separation agreement was presented to the court, the parties did not agree. Wife claimed she had never agreed to its terms and did not think they were fair. Certainly approving such an "agreement" did not promote amicable relations between the parties. § 452.325.1.[3]

At the time the separation agreement was first presented to the trial court, the parties were in dispute over its terms. We hold that without a present agreement before the court the trial judge had a duty to resolve the dispute, dispose of the property in accordance with § 452.330, RSMo Supp. 1982, and determine whether a maintenance award was appropriate under § 452.335.

We affirm the dissolution of the marriage and reverse both the order enforcing the settlement agreement and the incorpo-

2. *See Peirick v. Peirick,* 641 S.W.2d 195, 196 (Mo.App.1982) and *Markwardt v. Markwardt,* 617 S.W.2d 461, 462 (Mo.App.1981) (this court upheld enforcement of separation agreements which had been "spread upon the record").

3. We note two provisions of the separation agreement as prepared by respondent's attorney: First, the entire agreement was expressly "predicated on two tax assumptions" for the

ration of the agreement into the decree. Cause remanded to the trial court for proceedings in accordance with this opinion.

REINHARD and CRANDALL, JJ., concur.

benefit of husband. Second, wife was bound by the agreement to leave her entire estate in equal shares to husband's children or their descendants. Wife owned extensive property when the parties were married. It is unnecessary to our decision to determine the validity of these two provisions, and their possible effect on the rest of the agreement either as to requisite certainty or as to relevant subject matter.