Mary D. **EARHART**, Respondent,

v.

Paul A. **EARHART**, Appellant.

No. 53363.

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1988.

718

Arthur L. Walther, Richard Calvin Sheerar, Des Peres, for appellant.

Norman C. Steimel, III, St. Charles, for respondent.

CRIST, Judge.

Husband appeals a decree of dissolution incorporating the parties' separation agreement. We affirm.

The parties separated in November of 1985 after a fifteen-year marriage with no children. Wife filed a petition for dissolution on November 20, 1985. A separation agreement was filed by both parties on April 11, 1986; however, there was no trial until March 30, 1987. The separation agreement detailed a fairly even division of property and provided for husband to pay wife maintenance of $500 per month for three years, reduced to $300 per month for two years, and then $25 per month until her death or remarriage. The agreement also called for husband to give wife $500 towards her moving expenses.

Husband, as provided in the agreement, began paying wife $500 per month in May 1986. He continued making the maintenance payments until January 1987. At the time of trial husband had not paid maintenance for February or March 1987. At trial husband testified that he was employed by McDonnell Douglas as an engineer but that his last day of work would be the day after the trial. Husband had elected for voluntary severance in the face of a work force reduction at McDonnell Douglas. By the terms of the severance he would receive full salary for eleven weeks after his termination. Husband asserts his employment situation represents such a drastic change in circumstances from the time of the signing of the separation agreement that the maintenance and other non-property division terms of the agreement were rendered unconscionable and should not have been made part of the dissolution decree. Husband does not challenge the trial court's acceptance of the parties' division of property. Nor does he dispute that he thought the agreement was fair when he signed it.

Wife's testimony at trial was that she was fifty-seven years old, husband's senior by sixteen years, and that she suffered from a heart condition as well as a breast condition. She also testified that husband told her he could get another job.

"In a proceeding for dissolution of marriage ... the terms of the separation agreement ... are binding upon the court unless it finds ... the separation agreement is unconscionable." § 452.325.2, RSMo 1986. Unconscionability is "an inequality so strong, gross, and manifest that it must be impossible to state it to one with common sense without producing an exclamation at the inequality of it." *Peirick v. Peirick,* 641 S.W.2d 195, 197 [2] (Mo.App.1982). The court did not err in not finding that husband's employment situation made the non-property division terms of the agreement unconscionable. This is especially so in light of cases that have held similar changes in circumstances were insufficient to support a termination in support obligation. *See e.g. Balven v. Balven,* 734 S.W.2d 909, 914 [12] (Mo.App. 1987); *McAvinew v. McAvinew,* 733 S.W.2d 816, 818 [1] (Mo.App.1987).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.