In re the MARRIAGE OF Joseph E. BRINELL and Cheryl L. Brinell.

Joseph E. Brinell, Petitioner–Respondent,

and

Cheryl L. Brinell, Respondent–Appellant.

No. 18606.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 3, 1994.

James K. Justus, Justus & McCullah, Forsyth, for petitioner-respondent.

Gary W. Allman, Cantwell, Allman, Smith & Trokey, Branson, for respondent-appellant.

PREWITT, Judge.

Appeal from a decree dissolving the parties' marriage and, in the respects relevant here, approving a separation agreement and dividing assets not included in the agreement.

Review is under Rule 73.01. It requires that we affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless it erroneously declares or erroneously applies the law. *In re Marriage of Goostree*, 790 S.W.2d 266, 267 (Mo.App. 1990). Due regard is given the opportunity of the trial judge to determine the credibility of witnesses. Rule 73.01(c)(2); *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo. App.1990).

■ For her first point appellant complains of the trial court's finding that the parties' separation agreement was not unconscionable and ordering it enforced. Appellant acknowledged that she participated with respondent in the discussions and negotiations for the agreement with an attorney who did not participate in this action. The attorney testified that he "was representing both of them with some obvious qualifications, as I explained to them." He was paid by both. The agreement was signed by the parties on January 4, 1991.

This action was filed on May 16, 1991. In her answer and at trial, continuing to here, appellant has challenged the validity of that agreement. The trial court determined that the agreement was not unconscionable, approved it as provided in § 452.325.1, RSMo 1986, and ordered it to be followed. Subsections 452.325.1 and .2, RSMo 1986, the latter referred to in appellant's first point, provide:

1. To promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support and visitation of their children.

2. In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

*O'Neal v. O'Neal*, 673 S.W.2d 126, 127–128 (Mo.App.1984), is dispositive. It states:

A separation agreement is unique in that the trial court must review it and, considering the parties' economic circumstances and any other relevant factors, find it conscionable before it takes effect. § 452.-325.2. There are thus actually three parties who must approve of its terms before it may be enforced. In this respect a separation agreement under § 452.325.1 differs from a settlement agreement in a typical civil suit. The statute specifically asserts that the purpose of such agreements is "[t]o promote the amicable settlement of disputes between the parties to a marriage." § 452.325.1. Given the stated purpose of separation agreements and the fact that to some extent they are three-party agreements, we find that the legislature intended that the husband and wife jointly, while in agreement, come before the court and present their proposed settlement for the court's approval. Either one or both of the parties may offer the existing agreement when presented.

*O'Neal* noted that by the time the separation agreement was presented the parties did not agree, and approving such an agreement would not promote amicable relations between the parties. The court concluded that without the parties being presently in agreement, the trial court had the duty to resolve

the dispute and dispose of the property in accordance with § 452.330 [now RSMo Supp. 1992]. *See also Swank v. Swank,* 865 S.W.2d 841, (Mo.App.1993); *Hallmark v. Stillings,* 648 S.W.2d 230, 234 (Mo.App.1983) (separation agreement not operative without judicial determination that the agreement is conscionable).

So that no uncertainty results from this decision as compared to *In re Marriage of Carter,* 862 S.W.2d 461 (Mo.App.1993), we point out that the decisions are not inconsistent as the agreement there was enforced by reason of estoppel under facts present in *Carter,* but not here. Also, *O'Neal* and this matter should not be interpreted to require both parties to be present in court to present the agreement. In the absence of a party who signed the agreement the trial court can properly assume that agreement to it continues unless the record indicates otherwise.

■ We mention appellant's remaining point only to resolve any uncertainty regarding the division of the assets not covered in the separation agreement. Those are to be reconsidered with the other assets when the trial court makes its determination in accordance with this opinion.

Respondent's pension and the cash surrender value of a life insurance policy were not covered in the separation agreement but the trial court valued them as of the date of the agreement. The proper date for valuing marital property is the date of trial. *Hankins v. Hankins,* 823 S.W.2d 161, 162 (Mo. App.1992). *See also Taylor v. Taylor,* 736 S.W.2d 388, 391 (Mo. banc 1987).

The judgment is affirmed except as to the division of the parties' property in accordance with the "Separation and Property Settlement Agreement", the cash surrender value of an insurance policy, and respondent's retirement benefits. The cause is remanded for the trial court to make disposition of the property of the parties in accordance with this opinion.

FLANIGAN, P.J., and GARRISON, J., concur.