Virginia PERRYMAN, Respondent,

v.

Amos PERRYMAN, Jr., Appellant.

No. ED 77392.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 23, 2001.

· Theodore S. Schechter; Michael L. Schechter; The Schechter Law Firm, P.C.; Clayton, MO, for appellant.

David G. Waltrip; Chad S. Stockel; Jones, Korum, Waltrip, & Jones; Clayton, MO, for respondent.

ROBERT E. CRIST, Senior Judge.

Amos Perryman, Jr. (Husband) appeals the judgment entered enforcing a separation agreement in this dissolution of marriage proceeding. Because the judgment is not final, we dismiss the appeal.

Virginia Perryman (Wife) filed a petition for dissolution of marriage on August 20, 1998. The trial court scheduled trial for February 16, 1999. On that day, Husband and Wife had settlement negotiations and executed a "Memorandum of Agreement" purporting to settle the dissolution of marriage action. A trial was not held, but a hearing about the "Memorandum of Agreement" was held. Afterward, the trial court ordered the parties to prepare a separation agreement and judgment. Husband subsequently repudiated the agreement and refused to sign a formal separation agreement. Wife filed a motion to enforce the settlement agreement.

After a trial on the motion, the trial court entered a judgment granting Wife's motion to enforce the separation agreement. However, the trial court failed to enter a decree of dissolution in the case. Instead, the trial court stated it *"will* enter a Decree of dissolution based upon the written Separation Agreement...." (emphasis added).

This Court issued an order asking Appellant to show cause why this appeal should not be dismissed for lack of a final appealable judgment. Appellant failed to file a decree of dissolution. Instead, Appellant contended the judgment to enforce the separation was final and appealable even without the entry of a decree of dissolution. We must disagree.

An appellate court has jurisdiction only over final judgments. Section 512.020, RSMo 1994. A final judgment is one that disposes of all parties and issues in the case and leaves nothing for future determination. *Thomas v. Nicks,* 867 S.W.2d 676, 677 (Mo.App. E.D.1993). Here, the trial court has failed to resolve all the issues in the case because it never entered a decree of dissolution. While the court announced its intention to issue a decree, it never entered it. This leaves issues for future determination and thus, the judgment cannot be final. In addition, the trial court did not certify its judgment for appeal under Rule 74.01(b) for "no just reason for delay." Without a final appealable judgment, we must dismiss the appeal.

Appeal dismissed.

HOFF, C.J., and CRANE, J., concur.