Carol J. DOLAN,
Petitioner/Respondent,

v.

Thomas J. DOLAN,
Respondent/Appellant.

No. ED 80362.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 1, 2003.

Application for Transfer Denied
July 1, 2003.

Steven E. Spoeneman, Brian L. Harvell, St. Louis, MO, for appellant.

Theresa Counts Burke, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Thomas J. Dolan ("Husband") appeals the judgment dissolving his marriage to Carol J. Dolan ("Wife") and denying his motion to enforce a separation agreement entered into by the parties. We affirm.

In order to resolve the dissolution action brought by Wife, the parties entered into a comprehensive separation agreement pursuant to section 452.235 RSMo 2000.[1] The agreement contained provisions for division of marital assets and liabilities. On October 16, 2000, the agreement and a proposed judgment on a pre-printed form signed by Wife, her attorney, Husband's attorney and the guardian ad litem were submitted to a family court commissioner. The form included a waiver of the right to file a motion for rehearing. The commissioner signed the form as her findings and recommendations the same day. The pre-printed findings included a finding that the attached separation agreement, incorporated as part of the decree, was not unconscionable.

Two days after the commissioner signed the form adopting its recitations as her findings and recommendations, Wife filed a motion to withdraw her consent to the decree of dissolution stating that an asset was not divided, a dispute had arisen regarding the language of the college provision, and Wife had learned that health and dental insurance were available to her through Husband. The following day, Wife filed a motion to withdraw the commissioner's findings and recommendations. In support of her motion, Wife asserted that Husband's pension had not been divided as part of the separation agreement, a dispute had already arisen as to the amount Husband was required to pay for their son's college expenses, and Wife had been informed that a change in the CO-BRA insurance language would potentially allow her to obtain health and dental insurance at no cost to either party. Husband filed objections and a motion to enforce the parties' separation agreement.

On November 2, 2000, the commissioner's findings and recommendations were submitted to the trial judge for approval and adoption as the judgment of the court. The trial judge rejected the commissioner's proposed findings and remanded the matter to the commissioner for new findings and recommendations concerning a new division of property.

On March 7, 2001, the commissioner held a hearing on Husband's motion to enforce the parties' separation agreement. Husband and Wife testified. On March 12, 2001, the commissioner issued findings and recommendations finding that at the time Wife signed the separation agreement, she believed the value of Husband's pension was $0, as stated in Husband's statement of property and liabilities filed as "Schedule A" to the agreement. The commissioner further found that, at the time the separation agreement was entered into, Husband knew the value of his pension was not $0 as represented and he knew the pension had some value. The commissioner recommended that the separation agreement should not be enforced. The trial judge adopted the commissioner's findings and recommendations as the judgment of the court.

On June 28, 2001, the commissioner entered new findings and recommendations dissolving the marriage, adjudicating custody, awarding child support and maintenance, and dividing the marital property and liabilities. On June 29, 2001, those findings were adopted as the judgment of the court. Husband timely filed an appeal to this court.

1. All statutory references are to RSMo 2000 unless otherwise indicated.

■ In his first point, Husband asserts that the trial court erred in "denying" the commissioner's findings approving the parties' separation agreement because it lacked jurisdiction to reject the findings pursuant to Rule 129 and section 487.030 in that: (1) the parties had waived any right to rehearing before an Article V judge; (2) more than fifteen days had elapsed from the date the commissioner made her findings without any motion for rehearing; and (3) there was no finding, or basis for a finding, by the trial court that the commissioner's findings were incomplete or otherwise invalid. We disagree. Husband's arguments fail to recognize provisions of Rule 129 which supercede certain provisions of section 487.030. *See* Rule 129.02.

Although section 487.030 sets forth a procedure for requesting a hearing by a judge within fifteen days after mailing of the commissioner's findings and recommendations, as well as a provision for denial of such motions by default if not ruled upon within forty-five days, such procedure was held unconstitutional in *Fowler v. Fowler*, 984 S.W.2d 508, 511–12 (Mo. banc 1999). *See also Slay v. Slay*, 965 S.W.2d 845 (Mo. banc 1998). Pursuant to Rule 129.11, any party may request a rehearing before a commissioner, or the trial judge may order rehearing before the commissioner on its own motion, with such directions as the judge may deem appropriate. There is no stated time limit for requesting rehearing before a commissioner. By implication, it need only occur before the trial judge either adopts the findings or sets the matter for a de novo hearing before the judge. Rule 120.11. Contrary to Husband's contention, rehearing before a commissioner is not limited to situations in which the trial judge finds the findings and recommendations to be invalid or incomplete, two examples mentioned in the comment to Rule 129.11. Rather, as the comment expressly provides, Rule 129.11 authorizes the judge of the family court to direct a rehearing of any matter before the commissioner. The findings and recommendations of the commissioner following rehearing are then treated in the same manner as original findings and recommendations and may be adopted as the judgment of the court, remanded for further rehearing by the commissioner, or rejected and set for trial de novo before the trial judge. Rules 129.09, 129.11. If adopted, the parties then have fifteen days from mailing or notice of the judgment to seek rehearing. Rule 129.13. If a motion for rehearing is not ruled on within forty-five days after the motion is filed, it is overruled for all purposes. *Id.*

In this case, the trial judge, on his own motion, promptly denied approval of the original findings and recommendations adopting the parties' separation agreement. He returned the matter to the commissioner for new findings as to the division of property. Such action was clearly authorized by Rule 129.11. Point denied.

■ In his second point, Husband urges the trial court erred in refusing to enforce the parties' separation agreement because it was not unconscionable and it was relied upon by Husband to his detriment and Wife's enrichment. However, Husband's argument fails to recognize the unique nature of separation agreements under section 452.325 as the court observed in *In re Marriage of Brinell*, 869 S.W.2d 887, 888 (Mo.App.1994):

A separation agreement is unique in that the trial court must review it and, considering the parties' economic circumstances and any other relevant factors, find it conscionable before it takes effect. Section 452.325.2. There are thus actually three parties who must approve of its terms before it may be enforced.

In this respect a separation agreement under section 452.325.1 differs from a settlement agreement in a typical civil suit. The statute specifically asserts that the purpose of such agreements is "[t]o promote the amicable settlement of disputes between the parties to a marriage." Section 452.325.1. Given the stated purpose of separation agreements and the fact that to some extent they are three-party agreements, we find that the legislature intended that the husband and wife jointly, while in agreement, come before the court and present their proposed settlement for the court's approval. Either one or both of the parties may offer the existing agreement when presented.

(quoting *O'Neal v. O'Neal*, 673 S.W.2d 126, 127–28 (Mo.App.1984)). This principle was recognized and applied in *Wakili v. Wakili*, 918 S.W.2d 332, 338–40 (Mo.App.1994). In *Wakili*, the parties signed a separation agreement which was filed with the court. *Id.* However, prior to the filing of the agreement, the wife sent a letter to the court asking the court to enforce the prior PDL order and apprising the court of the pressure and duress of the dissolution proceedings and that she could no longer afford an attorney. *Id.* Neither party had moved for approval and enforcement of the separation agreement. *Id.* After an appeal and remand for a new trial, the husband moved for approval of the agreement. *Id.* Wife filed a motion to rescind the agreement. *Id.* The court held that a condition precedent to the trial court's consideration of the conscionability of a separation agreement is that the parties be "presently in agreement" at the time the agreement is submitted to the court. *Id.*

In this case, although the parties were apparently in agreement at the time the separation agreement was filed, Wife had clearly withdrawn her consent to the agreement before it was presented to the trial judge for approval. Because the parties were not in agreement at the time the trial court was presented with the commissioner's recommendation of approval, the trial court was neither required to, nor did it ever, approve the agreement and it was never enforceable. *Id.*

Moreover, the commissioner's finding, adopted by the trial court, that Husband had knowingly misrepresented the value of his pension is clearly supported by substantial evidence. Accordingly, the trial court did not err in refusing to enforce the parties' separation agreement. Point denied.

Judgment affirmed.

MARY R. RUSSELL, P.J., and CLIFFORD H. AHRENS, J., Concur.