Virginia PERRYMAN, Respondent,

v.

Amos PERRYMAN, Appellant.

No. ED 82017.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 23, 2003.

Michael L. Schechter, Diane J. Gannon, Clayton, MO, for appellant.

David G. Waltrip, David G. Waltrip, Clayton, MO, for respondent.

BOOKER T. SHAW, Presiding Judge.

Appellant Amos Perryman ("Husband") appeals from the trial court's judgment

enforcing the parties' separation agreement in their dissolution of marriage proceeding. We affirm in part and reverse and remand in part.

Respondent Virginia Perryman ("Wife") filed a petition for dissolution of marriage on August 20, 1998. Husband answered Wife's petition and filed his cross-petition for dissolution of marriage. The case was scheduled for trial on February 16, 1999. On that day, Husband and Wife were involved in settlement negotiations and entered into a "Memorandum of Agreement" in an attempt to settle their dissolution of marriage action. The trial court, Judge Michael T. Jamison, held a hearing on the "Memorandum of Agreement" where both Husband and Wife testified under oath that they each understood the terms of this Agreement, found it to be fair and not unconscionable, and asked the trial court to approve it. Husband and Wife were each represented by counsel at this hearing and throughout the settlement negotiations. After the hearing, the judge ordered the parties to prepare a separation agreement.

Husband later repudiated the "Memorandum of Agreement" and refused to sign the Separation Agreement and Property Settlement ("separation agreement"). As a result, the parties never submitted a separation agreement to the trial court. Wife filed a Motion to Enforce Separation Agreement and Enter Decree of Dissolution. After a hearing, the trial court entered its judgment on December 13, 1999 granting Wife's motion to enforce the separation agreement.

In his judgment, Judge Jamison specifically found that the written separation agreement filed by Wife did not "materially differ from the basic terms of the settlement outlined in the Memorandum of [Agreement] and its attached exhibits, which the [c]ourt has retained in the [c]ourt file pending submission of the [s]eparation [a]greement." The judge also determined that the written separation agreement is "fair and equitable to each party" and, therefore, "it is not unconscionable." Finally, the judge found that at the February hearing the parties understood and accepted the terms of their "Memorandum of Agreement."

On January 24, 2000, Husband appealed that judgment to this Court. This Court, by an opinion entered on January 23, 2001, dismissed Husband's appeal because the trial court's judgment was not a final judgment. *Perryman v. Perryman*, 36 S.W.3d 431, 432 (Mo.App. E.D.2001). The trial court did not enter a decree of dissolution and therefore, its judgment failed to dispose of all of the issues in the case. *Id.*

In response, on January 24, 2001, Wife filed a Motion for Entry of Decree of Dissolution in the trial court. On March 12, 2001, Husband filed his Respondent's Memorandum of Law in Opposition to Petitioner's Motion for Entry of Decree of Dissolution, challenging the enforceability of the parties' separation agreement. Wife then filed her Memorandum of Law in Support of Petitioner's Motion for Entry of Decree of Dissolution.

On August 19, 2002, Judge Essner sustained Wife's Motion to Enforce Decree of Dissolution and adopted the prior findings and conclusions of Judge Jamison. Specifically, Judge Essner found:

> This court has not conducted an evidentiary hearing concerning [Wife's] motion for entry of decree of dissolution because it would be inappropriate to second guess the findings of Judge Jamison. The role of the court currently is to perform the ministerial act of signing the judgment form. The discretionary duties of the court to review the terms of the settlement agreement were al-

ready performed by Judge Jamison in May of 1999.

Judge Essner subsequently entered a Family Court Judgment incorporating the parties' separation agreement. Husband appeals from this judgment.

In a judge-tried case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously applies or declares the law. *Stowe v. Spence,* 41 S.W.3d 468, 469 (Mo. banc 2001).

Husband argues several points on appeal. First, Husband argues the trial court erred in applying Section 452.325.2, RSMo 2000, when entering its decree of dissolution because that judgment adopted Judge Jamison's almost three-year-old finding of conscionability of the separation agreement and enforced: (i) the distribution of marital property according to the separation agreement without taking additional evidence to determine the current market value of the parties' assets and debts; and (ii) the maintenance order according to the separation agreement without taking additional evidence to determine the current value of the parties' assets and whether or not Wife met the requirements of Section 452.335, RSMo 2000.

Section 452.325.2, RSMo 2000, authorizes the trial court to enter the terms of a separation agreement in a decree of dissolution of marriage *"unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request to the court, that the separation agreement is unconscionable."* (emphasis added). Section 452.330.1, RSMo 2000, provides in pertinent part that the trial court in a dissolution of marriage action:

shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors including:

(1) *The economic circumstances of each spouse at the time the division of property is to become effective* ....

(emphasis added).

Where the date of valuation of marital property is not reasonably proximate to the date of the distribution of the property, the trial court should hold another hearing. *Smith v. Smith,* 985 S.W.2d 836, 841 (Mo.App. W.D.1998). In *Morgan v. Ackerman,* 964 S.W.2d 865, 868–69 (Mo. App. E.D.1998), the trial court distributed the property in a dissolution matter about thirty to forty months after it received evidence regarding the value of the property. *Id.* at 869. This Court reasoned, "Market conditions and changing economic circumstances can render assets that had been valuable months or years earlier virtually worthless in the present and vice versa. To distribute property without regard to those fluctuations would be illogical." *Id.* (internal citations omitted). Because this Court found that the date of valuation was not reasonably proximate to the date of distribution of the parties' marital and separate property, it reversed and remanded for the trial court to consider the current economic status of each spouse. *Id.* In addition, the Court reversed and remanded the trial court's award of child support and maintenance because these awards also require the trial court to consider the parties' current economic circumstances. *Id.; see In re Marriage of Irions v. Irions,* 988 S.W.2d 62, 65–66 (Mo.App. S.D.1999).

Here, Judge Jamison held a hearing regarding the parties' "Memorandum of Agreement" on February 16, 1999, and on

December 13, 1999, entered his judgment purporting to distribute the parties' property and awarding maintenance to Wife. However, because this was deemed not to be a final judgment by this Court in a prior appeal, on August 19, 2002, Judge Essner entered a final judgment and decree of dissolution, adopting Judge Jamison's findings. Specifically, Judge Essner stated the following in his judgment, "This court had not conducted an evidentiary hearing concerning [Wife's] motion for entry of decree of dissolution because it would be inappropriate to second guess the findings of Judge Jamison." As a result, Judge Essner accepted the property distribution and maintenance award that Judge Jamison entered, despite the fact that this distribution and award was over thirty months old.

We find that it was error for the trial court to enter its final judgment distributing the parties' property based on Judge Jamison's prior findings because these findings were not reasonably proximate to the date of the court's distribution. Therefore, we reverse the trial court's judgment distributing the parties' property and remand for the trial court to hold a hearing regarding the parties' economic circumstances such that the valuation of their property is reasonably proximate in time to the court's distribution. We also find that the trial court erred in awarding maintenance to Wife under these circumstances because it failed to properly consider the parties' current economic status. This portion of the trial court's judgment is also reversed and remanded for the trial court to reassess the necessity and amount, if any, of the maintenance award to Wife, taking into consideration the parties' current economic circumstances.

 In his second point on appeal, Husband argues the trial court erred in granting Wife's motion for entry of decree of dissolution and incorporating the separation agreement in its judgment because: (i) it erroneously applied the law governing separation agreements, Section 452.325, RSMo 2000, by enforcing a separation agreement that was not presented to the court by the parties while in agreement; (ii) it erroneously adopted Judge Jamison's finding that the written separation agreement did not materially differ from the basic terms of the "Memorandum of Agreement" because this finding was not supported by substantial evidence and was against the weight of the evidence; and (iii) it erroneously applied the finding by Judge Jamison that the parties intended that each party be responsible for credit card debts in their own name and that they should retain separate bank accounts in their names because such findings were not supported by substantial evidence and are against the weight of the evidence.

We disagree with Husband's argument that the trial court erred in enforcing the separation agreement because it was not presented to the trial court by the parties while in agreement; and that the written separation agreement materially differed from the "Memorandum of Agreement."

 Parties may enter into oral separation agreements when such agreements are "sufficiently spread upon the record." *Peirick v. Peirick,* 641 S.W.2d 195, 196 (Mo.App. E.D.1982) ("That the parties to a dissolution of marriage action may dispose of their property through a written separation agreement does not imply that a written separation agreement is the only way the parties may dispose of their property."). "[T]his [C]ourt believes that an oral stipulation should be binding as a written contract when the oral agreement is entered into in open court by parties represented by able counsel and the agreement is spread upon the record." *Markwardt v. Markwardt,* 617 S.W.2d 461, 462 (Mo.App.

E.D.1981); *see Carter v. Carter*, 869 S.W.2d 822, 829 (Mo.App. W.D.1994).

In *Carter*, 869 S.W.2d at 829, husband and wife appeared in court with their respective counsel and orally presented their settlement agreement to the judge, along with an exhibit detailing the distribution of their property. The record reflected that the parties were in agreement regarding the property division when their proposed settlement was presented to the court. *Id.* The Court of Appeals found that the parties' settlement agreement was sufficiently spread upon the record and enforceable although the trial court divided the husband's retirement plan without an agreement between the parties on the record as to the plan. *Id.* at 830. As a result, the Court enforced the parties' settlement agreement, which was incorporated into its decree. *Id.* This was effectively the same agreement the parties orally agreed to in open court, but remanded the case solely for the trial court to determine the proper division of husband's retirement plan. *Id.*

Here, the trial court held a hearing on February 16, 1999 where the basic terms of the parties' agreement were presented on the record. Husband and Wife both testified at that hearing under oath that the "Memorandum of Agreement" and its attached exhibits outlined all of the terms of their agreement and that they each understood the agreement's terms, accepted its terms and agreed to be bound by its terms. Husband and Wife were represented by counsel at this hearing. Therefore, with the exception of the parties' marital debts as discussed below, the parties' settlement agreement, which was presented to the trial court while Husband and Wife were in agreement, was sufficiently spread upon the record and enforceable.

■ In addition, despite Husband's contention, the written separation agreement filed by Wife did not materially differ from the basic terms of the "Memorandum of Agreement" and its attached exhibits. The only distinction worth noting between the written separation agreement and the "Memorandum of Agreement" is the distribution of the parties' debts. There does not appear to be any reference to the parties' debts in the "Memorandum of Agreement" or during the testimony of the parties at the February, 1999 hearing. Therefore, the parties' marital debt distribution was not sufficiently spread upon the record and is reversed and remanded to the trial court for evidence to be adduced at the hearing. *See Carter, supra.*

Finally, with respect to the remainder of Husband's argument in this point, relating to the distribution of the parties' bank accounts, because we reverse and remand Husband's first point for the trial court to hold a hearing regarding the parties' current economic circumstances and the value of the parties' assets more proximately in time to the date of distribution, this distribution is also reversed and remanded to the trial court for hearing. This point is denied in all other respects.

In his third point on appeal, Husband argues the trial court erred in granting Wife's motion for entry of decree of dissolution by misapplying the law pursuant to Section 452.325.2, RSMo 2000, because Judge Jamison failed to make a finding of conscionability regarding the parties' oral agreement and only did so ten months later.

Here, Judge Essner found that "Judge Jamison's finding that the settlement agreement was enforceable necessarily involved findings that the terms of the settlement agreement concerning property and debt were just and not unconscionable." Judge Jamison found that the separation agreement did not materially differ

from the "Memorandum of Agreement," upon which a hearing was held where the parties testified that they believed the agreement to be conscionable. Judge Jamison's judgment provided that "[t]he [s]eparation [a]greement is fair and equitable to each party and therefore the [c]ourt finds that it is not unconscionable." As such, the trial court's judgment was clear that it did not find the parties' agreement to be unconscionable. Husband's third point is denied.

In his fourth point on appeal, Husband argues the trial court erred in granting Wife's motion for entry of decree of dissolution and in incorporating the separation agreement in the decree because the parties' agreement was not sufficiently spread upon the record in that the marital debts were not addressed in the "Memorandum of Agreement" nor in the parties' testimony when Section 452.330.1, RSMo 2000, requires that the trial court set apart marital debts.

We have already determined in our analysis of Husband's second point above that the parties' marital debts were not sufficiently spread on the record and that on remand, the trial court should consider evidence regarding this issue in making its final property distribution. Therefore, we do not address this point further here.

■ In his fifth and final point on appeal, Husband argues the trial court abused its discretion in assessing a portion of Wife's attorneys' fees and costs against him for prosecuting her motion to enforce the separation agreement because that judgment was against the weight of the evidence and not supported by substantial evidence.

■ This Court will only overturn a trial court's award of attorneys' fees in a dissolution proceeding if there is a manifest abuse of discretion. *Meservey v. Mes-*

*ervey,* 841 S.W.2d 240, 248 (Mo.App. W.D. 1992). In order to show an abuse of discretion, "the complaining party bears the burden of showing the award to be clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Id.* Section 452.355.1, RSMo 2000, provides that the trial court may award attorneys' fees after considering several factors, including, "the actions of the parties during the pendency of the action."

Here, it appears from the record that Wife incurred additional attorneys' fees in this case as a result of Husband's refusal to execute the written separation agreement reached by the parties. As such, Judge Essner's award of $2,000 in attorneys' fees and costs to Wife was not a manifest abuse of discretion. Husband's fifth point is denied.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

LAWRENCE G. CRAHAN and GEORGE W. DRAPER III, JJ., concur.