Stacy **FREELAND**, Appellant,

v.

Mark **FREELAND**, Respondent.

No. ED 89610.

Missouri Court of Appeals, Eastern District, Division One.

June 24, 2008.

Richard J. Eisen, St. Louis, MO, for appellant.

James J. Leightner, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Stacy Freeland ("Wife") appeals from the judgment of the trial court dissolving her marriage to Mark Freeland ("Husband") and granting Husband's motion to enforce a separation agreement ("Agreement"). We reverse and remand.

Husband and Wife were married in July 1986. One child was born during the marriage. Husband adopted Wife's child, who was emancipated prior to October 1999. Husband and Wife executed a marital settlement agreement on October 1, 1999. The circuit court entered a judgment of legal separation on April 27, 2000, which incorporated this marital settlement agreement. The marital settlement agreement and the judgment of separation addressed several issues, such as child custody, child support, and health insurance.

Husband filed a motion to convert the legal separation to a judgment of dissolution of marriage in September 2004. Wife filed a similar motion in January 2005. Both requested modifications of child support. Husband sought to have it reduced, and Wife sought to have it increased. Wife also filed a garnishment against Husband, as Husband had not paid child support in accordance with the marital settlement agreement. Husband acknowledged non-payment, but asserted that Wife had waived those payments. Both filed motions to have the trial court determine the sums due, with Wife also filing a motion for contempt. The court set a trial date of November 17, 2005.

On that date, both parties came to the courthouse with their attorneys. Husband and Wife remained in separate rooms while their lawyers negotiated and went back and forth between the two. Those negotiations continued for a period of more than six hours. The parties requested that the case be passed for settlement, which the trial court did in an order, pass-

ing the matter until December 2, 2005. The record did not reflect the entry of a written separation agreement, or that the terms of an oral agreement had been read into the record and acknowledged as accurate by Husband and by Wife. Neither Husband nor Wife testified on November 17, 2005, regarding the terms of a settlement, or that either had accepted any settlement terms.

On December 1, 2005, the parties consented to continue the case for settlement until December 14, 2005. On December 7, 2005, Husband's attorney submitted proposed findings of fact, conclusions of law, and judgment ("December 7, 2005 Proposal") to Wife's attorney. The matter was again passed for settlement on December 16, 2005 until January 6, 2006, this time by Wife. The trial court passed the matter for settlement again on January 5, 2006, until January 12, 2006. On January 19, 2006, the parties, with leave of the trial court, continued the matter for settlement for another seven days, with a note that Husband would file a motion to compel settlement if the matter was not settled by then. Wife responded to the December 7, 2005 Proposal with several suggested revisions to the proposed judgment.

Husband filed a motion to compel settlement on February 3, 2006. In it he contended that he and Wife had reached an agreement on November 17, 2005, on the various issues and motions then pending, and that this was memorialized in the December 7, 2005 Proposal. Husband requested that the trial court enter an order compelling Wife to sign the December 7, 2005 Proposal, or to enter such a judgment without Wife's signature, "pursuant to the parties' agreement."

The trial court entered an order on March 15, 2006 compelling settlement according to the terms of the December 7,

2005 Proposal. In its order, the trial court noted that the matter was set for trial on November 17, 2005, but was passed for settlement by the parties until December 2, 2005. It further noted that the matter was passed several more times for settlement. It went on to state that:

[T]he parties being aware of the practice before this [C]ourt that matters are not removed from the trial docket unless the parties have affirmatively advised the Court that the matter is settled and merely passed for written memorialization. Accordingly, this matter was removed only because the matter had been settled and this Court issues an[ ] order compelling settlement according[ ] to the terms [Husband] had agreed to and offered and agreed to by [Wife].

The trial court then held an evidentiary hearing on November 21, 2006 on the motion to compel settlement, at which Husband, Wife, and their respective attorneys testified. Husband and his counsel essentially testified that an agreement had been reached on November 17, 2005, but was not placed into writing that day. Wife testified that she had not agreed, and that there were issues that had yet to be resolved at the end of the day on November 17, 2005. She further stated that the December 7, 2005 Proposal did not reflect her understanding of the negotiations that took place on November 17, 2005, and did not address certain issues that were important to her. Wife's counsel testified that at the close of negotiations on November 17, 2005, there were verbal agreements in principle as to some matters between the lawyers, but that there were still issues that had to be resolved. He added that Wife "wanted to see things in writing[ ]" and that the matter had been passed for settlement "with the hope that we would be able to—once everything was in writing would be able to conclude this matter." Wife's counsel also stated that the December 7, 2005 Proposal contained terms that were different from his notes of November 17, 2005. At the hearing, Wife's counsel also made an oral motion to dismiss Husband's pleadings and to compel judgment for Wife based on *Staples v. Staples*, 895 S.W.2d 265 (Mo.App.1995), asserting as a ground for the motion that Husband had not complied with some obligations under the April 2000 judgment of legal separation, particularly payment of child support. Husband admitted that he had not made child support payments for the period between November 2000 and November 2005.

The trial court issued its findings of fact, conclusions of law, and judgment on January 9, 2007 ("January 2007 Judgment"). The trial court found that the parties had reached a separation agreement on November 17, 2005, that Husband was credible, and that the December 7, 2005 Proposal embodied the terms of the settlement. It further found that the Agreement was fair and reasonable. The trial court concluded that the requirements for an enforceable oral separation agreement had been met. It entered judgment ordering the enforcement of the December 7, 2005 Proposal as the Agreement.

Wife filed a timely motion for new trial and/or to amend the judgment or to reopen the evidence on February 6, 2007. In this motion, Wife contested the trial court's determination that the parties had reached a settlement, and asserted that the trial court had not determined whether Husband was in contempt, and had not ruled on her motion to dismiss pursuant to *Staples*, 895 S.W.2d 265. The trial court took this motion under submission on March 7, 2007.

On March 29, 2007, the trial court entered a new judgment ("March 2007 Judg-

ment") entitled "Findings of Fact, Conclusions of Law and Judgment Concerning [Wife]'s Motion for New Trial, and/or To Amend the Judgment, or To Reopen the Evidence." The findings in the March 2007 Judgment were somewhat different from those in the January 2007 Judgment, to address the claims asserted by Wife in her motion. It found that the issues raised in Wife's motion had been addressed and/or resolved without need for further hearing. The trial court's conclusions of law remained essentially the same as those of its January 2007 Judgment. It denied Wife's motion, and entered final judgment to that effect. Wife now appeals.[1]

■ Our review of a judgment of dissolution of marriage is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.; Vinson v. Vinson*, 243 S.W.3d 418, 421 (Mo.App.2007). We view the evidence and the permissible inferences that may be drawn therefrom in the light most favorable to the judgment. *Vinson* at 421–22.

In her first point relied on, Wife contends that the trial court erred in enforcing the Agreement, allegedly made on November 17, 2005, and incorporating it into the decree of dissolution because Husband did not prove that there was an enforceable separation agreement pursuant to section 452.325 RSMo 2000.[2] Specifically, Wife claims that the Agreement was not in writing, the terms of the Agreement were not sufficiently spread on the record, and neither Husband nor Wife testified on November 17, 2005 that they had agreed to its terms.

We observe initially that the stated purpose of section 452.325 is to promote the amicable settlement of disputes between the parties to a separation or a dissolution of marriage. This purpose implicitly includes discouraging unnecessary litigation and further acrimony. This purpose may be achieved either by a written agreement or by an oral agreement, provided that certain conditions are met.

■ This Court has held that a separation agreement is enforceable if it is in writing or if it is an oral agreement entered into in open court by parties represented by counsel and sufficiently spread upon the record. *See Perryman v. Perryman*, 117 S.W.3d 681, 685–86 (Mo.App.

1. Wife's appeal is timely. Following the January 2007 Judgment, Wife timely filed a motion for a new trial and/or to amend the judgment, or to reopen the evidence. The trial court took that motion under submission, and subsequently issued the March 2007 Judgment, which effectively was an amended judgment though it was not denominated as such. Wife timely filed a notice of appeal following the March 2007 Judgment.

2. Unless noted otherwise all further statutory citations are to RSMo 2000. The statute at issue, section 452.325, provides in part that:
   1. To promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dis-

solution of their marriage, the parties may enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support and visitation of their children.
   . . .
   3. If the court finds the separation agreement unconscionable, the court may request the parties to submit a revised separation agreement or the court may make orders for the disposition of property, support, and maintenance in accordance with the provisions of sections 452.330, 452.335 and 452.340. . . .

2003); *O'Neal v. O'Neal*, 673 S.W.2d 126, 127–28 (Mo.App.1984); *Markwardt v. Markwardt*, 617 S.W.2d 461, 462–63 (Mo. App.1981). The Southern District also will enforce an oral separation agreement if it is sufficiently spread upon the record. *See In re the Marriage of Thompson*, 27 S.W.3d 502, 503–06 (Mo.App.2000). There is a line of cases in the Western District that have held that separation agreements are enforceable only if in writing. *See Swank v. Swank*, 865 S.W.2d 841 (Mo.App. 1993); *Potter v. Potter*, 621 S.W.2d 123 (Mo.App.1981); *Wilhoit v. Wilhoit*, 599 S.W.2d 74 (Mo.App.1980). However, more recent cases from the Western District have been in accord with this Court and the Southern District that separation agreements are enforceable if they are either in writing, or sufficiently spread upon the record. *See Morse v. Morse*, 80 S.W.3d 898, 904–05 (Mo.App.2002); *Carter v. Carter*, 869 S.W.2d 822, 829 (Mo.App. 1994). For the separation agreement to be enforceable, the parties must be in agreement when it is presented to the trial court. *See Reynolds v. Reynolds*, 109 S.W.3d 258, 278–79 (Mo.App.2003); *Wakili v. Wakili*, 918 S.W.2d 332, 339 (Mo.App. 1996); and *O'Neal*, 673 S.W.2d at 128. If the parties are not in agreement at the time that the separation agreement is presented to the trial court, the trial court cannot approve it, and the agreement was never enforceable. *See id.*

■ The issue before this Court is what is required for an oral separation agreement to be enforceable, particularly what constitutes an oral agreement that is sufficiently "spread upon the record." In *Perryman*, 117 S.W.3d at 686, this Court held that an oral agreement was sufficiently spread upon the record where the trial court held a hearing at which the basic terms of the agreement were presented on the record, and both the husband and the

wife testified that the "Memorandum of Agreement" and the exhibits attached thereto outlined all of the terms of the agreement, and that each understood its terms, accepted its terms, and agreed to be bound by its terms. In *Markwardt*, 617 S.W.2d at 462, the detailed terms of the oral settlement agreement were read into the record by the attorney for one of the spouses. Both the husband and wife stated under oath that they understood the terms of the oral agreement and agreed to the terms as read in open court, and they agreed to be bound by it. *Id.*

In contrast, the alleged oral agreement in *O'Neal*, 673 S.W.2d at 127–28, was held not sufficiently spread upon the record. In that case on the date set for trial, the parties were present in the courthouse in separate rooms, and negotiated a number of hours through their respective attorneys. *Id.* at 127. An oral agreement was reached regarding maintenance and property division. *Id.* The attorneys took some notes of the agreement, but nothing was entered into the record on that day. *Id.* The attorneys for the spouses informed the trial court that they had reached an agreement, and the judge asked them to let him know when they would like him to hear the case. *Id.* There was not a formal memorandum passing the case for settlement, and the terms of the agreement were not presented to the trial court at that time. *Id.* The parties agreed that the husband's lawyer would put the terms of the oral agreement into writing for both parties to sign. *Id.* Two days later, the wife told her lawyer that she was not satisfied with the agreement that they had discussed, and would not sign it. *Id.* The husband filed a motion to enforce settlement, claiming that the parties had agreed to all of the issues that were in litigation. *Id.* The trial court granted the husband's motion to enforce settlement. *Id.* This Court noted that while both attorneys stat-

ed to the court on the date scheduled for trial that they had reached a settlement agreement, it was not in writing, and the terms of the agreement were not spread upon the record, and neither of the parties testified at that time that they had so agreed. *Id.* at 128. This Court further observed that by the time the separation agreement was actually presented to the trial court, the parties did not agree, and the wife claimed that she had never agreed to its terms, and did not think that they were fair. *Id.* This Court held that at the time the separation agreement was presented to the trial court, the parties were in dispute over its terms, and "that without a present agreement before the court[,] the trial judge had a duty to resolve the dispute," in accordance with the applicable statutes. *Id.*

The case of *In re the Marriage of Carter,* 862 S.W.2d 461 (Mo.App.1993), an opinion of the Southern District cited by the trial court for the proposition that appellate courts of this State have affirmed oral separation agreements that were not spread upon the record, is a very limited exception to the rule that oral separation agreements must be sufficiently spread upon the record and agreed to by the parties when presented to the trial court. The appellate court in that case carefully distinguished that factual situation from the precedents of both the Eastern District and the Western District, and relied on the principle of equitable estoppel to hold the husband in that case to his agreement, where he took personal property in accordance with the oral separation agreement that he later challenged, and he knew that his wife was taking actions based on that agreement, to her detriment. *Id.* at 468–70. The holding is limited to the special circumstances of that case, and is a departure from the requirement held by all districts of this State that for an oral separation agreement to be enforceable, it must be sufficiently spread upon the record. *See See Perryman,* 117 S.W.3d at 685–86; *Thompson,* 27 S.W.3d at 505–06; *Carter,* 869 S.W.2d at 829; *Markwardt,* 617 S.W.2d at 462–63. To the extent that the trial court may have relied on *In re the Marriage of Carter* to find that there was an enforceable separation agreement, the trial court was in error.

The facts of the present case are substantially similar to those in *O'Neal,* and substantially distinguishable from those in *Perryman* and *Markwardt.* Assuming *arguendo* that there was actually an agreement reached on November 17, 2005, the terms of the agreement were not sufficiently spread on the record on that date, and neither of the parties, much less both of them, stated under oath on that date that they understood and accepted the terms of the agreement, and that they agreed to be bound by it. By the time that the agreement was actually presented on the record to the trial court, approximately a year later, Husband and Wife definitely did not agree. The trial court erred when it found that Husband met the requirements for the enforcement of an oral separation agreement. Point sustained.

Having sustained Wife's first point relied on, we need not address her remaining points relied on as our holding renders those points moot.

The judgment of the trial court is reversed and remanded.

ROY L. RICHTER and GLENN A. NORTON, JJ., concur.