Patricia L. SCISM, Appellant,

v.

Charles S. SCISM, Respondent.

No. 60437.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 10, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 16, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Dennis Owens, Kansas City, for appellant.

Eric C. Harris, Flat River, for respondent.

CARL R. GAERTNER, Presiding Judge.

Wife appeals from a dissolution decree entered in the Circuit Court of St. Francois County. We affirm.

Husband and wife married on February 25, 1989, and separated, March 29, 1990. Prior to the marriage, the couple entered into an antenuptial agreement dated February 25, 1989, which wife reviewed with her attorney. The agreement maintained the earnings, income, and property acquired before and after the marriage as separate property. In addition, the parties released all of their marital rights.

Wife filed for divorce on April 3, 1990. Husband filed an answer to the petition and a cross-petition to declare the marriage invalid. Husband then filed a motion for summary judgment seeking to deny wife's claims for maintenance, attorney's fees, and marital property based on the antenuptial agreement. Wife filed an answer to husband's cross-petition to declare the marriage invalid, but did not respond to the motion for summary judgment. The trial court granted husband's motion for partial summary judgment. Husband then filed a cross-petition for dissolution of marriage. The trial court held hearings and entered an interlocutory decree of dissolution in November, 1990. The trial court entered a final decree of dissolution on January 18, 1991. Wife appeals.

■ In her first point, wife argues that the antenuptial agreement was unconscionable and that the trial court erred by failing to determine the conscionability of the agreement. Husband first brought the agreement to the attention of the court in a motion for partial summary judgment. Wife did not file an answer to husband's motion despite the court's request for her to do so. The trial court sustained husband's motion, thereby enforcing the agreement and denying wife any claims for attorney's fees, maintenance, or separate property. At no stage of the proceedings before the trial court did wife assert any suggestion of unconscionability of the antenuptial agreement.

■ An issue that is not advanced in the trial court is not preserved for appellate review. *Rinderknecht v. Caulfield,* 716 S.W.2d 405, 407 (Mo.App.1986). We find that wife abandoned the issue of unconscionability at trial and attempts to raise it for the first time on appeal.

■ Moreover, the burden of proving the invalidity of an antenuptial agreement which recites consideration and is admittedly executed is upon the party seeking to avoid its enforcement. *Heady v. Heady,* 766 S.W.2d 489, 491 (Mo.App.1989). Wife has done nothing to sustain this burden. On the contrary, her strategy was not directed toward establishing invalidity of the agreement but rather to prove the existence of a purported amendment. The record fully supports the determination of conscionability implicit in the trial court's enforcement of the terms of the antenuptial agreement. *See, Nedblake v. Nedblake,* 682 S.W.2d 852, 854 (Mo.App.1984). Point denied.

■ Wife's second point relates to an alleged amendment to the antenuptial agreement. She argues that the trial court's finding that the amendment did not exist was against the weight of the evidence. In a case tried before a judge, we will sustain the judgment of the court unless it erroneously declares or applies the law, is not supported by substantial evidence, or is against the weight of the evidence. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

At trial, wife produced an unsigned document purporting to be an amendment to the antenuptial agreement. Husband denied signing the amendment. However, wife testified that the antenuptial agreement and amendment were in the couple's safe deposit box and were missing when she went to retrieve it. She further testified that husband told her that he took the agreement and amendment. Husband presented a signed copy of the antenuptial agreement at court, but wife never produced a signed copy of the amendment.

Nevertheless, wife tried to produce evidence that a signed amendment existed. Wife testified that she signed the amend-

ment and saw husband's signature on the amendment. Wife's co-worker testified that he saw a signed, notarized copy of the amendment on her desk. Wife also produced the interrogatory answers of three persons who had knowledge of the existence of the amendment.

 We give due regard to the trial court's determination of the credibility of witnesses. Rule 73.01(c)(2). The trial court may accept or reject all, part, or none of the testimony. *Whitenton v. Whitenton,* 659 S.W.2d 542, 546 (Mo.App.1983). The trial court thoroughly disposed of this issue in its final decree of dissolution. The court found compelling the fact that wife's pleadings were silent regarding the existence of an amendment and that her answer to husband's cross-petition denied the existence of an antenuptial agreement. The court further found wife did not contest husband's motion for summary judgment nor did she attach the alleged amendment to husband's request for production of documents. The court also found the testimony of wife and her co-worker regarding the alleged amendment was not credible. Finally, the court believed husband's testimony that he never signed the amendment. This issue rests almost entirely on the credibility of the testimony given, and we have no reason to upset the findings of the trial court. Point denied.

 In her third point, wife claims that furniture bought by husband was a gift which the court should have decreed as her separate property. Husband paid for the furniture with his separate funds, so the furniture would remain his separate property under the antenuptial agreement.

 A person claiming a gift was made must prove that claim with clear and convincing evidence. *Robertson v. Estate of Zimmerman,* 778 S.W.2d 805, 808 (Mo. App.1989); *Heineman v. Heineman,* 768 S.W.2d 130, 139 (Mo.App.1989). The trial court specifically found that the husband purchased the furniture with non-marital funds and that wife failed to meet her burden that the furniture was a gift from husband. The trial court is in a better position to determine the credibility of the

witnesses, and we find no error in its ruling that the furniture remained the separate property of the husband. Point denied.

Affirmed.

GRIMM and CRANE, JJ., concur.