Renee CELLA, Respondent,

v.

William CELLA, Appellant.

No. ED 77588.

Missouri Court of Appeals, Eastern District, Division Two.

April 10, 2001.

Brian L. Harvell, Edwards, Singer, Schramm, Watkins & Spoeneman, LLP, St. Louis, MO, for appellants.

JoAnn C. Donovan, Florissant, MO, for respondent.

JAMES R. DOWD, Judge.

On March 18, 1999, Renee Cella filed a dissolution petition against her husband, William Cella. Husband timely filed an answer and a cross petition. He appeared on the day of trial, but failed to reappear after a court recess. The trial court dissolved the Cella's marriage after hearing wife's evidence. Husband moved to vacate judgment pursuant to Rule 75.01. The court found good cause for husband's absence and granted his motion, but attached special conditions to its order calling for the original judgment to be re-entered if the parties did not settle their differences within 30 days. Thirty days expired without an agreement and the court re-entered the original judgment eleven months later. Husband appeals. We reverse and remand with instructions to set aside the judgment entered on February 6, 2000 and to proceed to a trial on the merits.

William and Renee Cella were married on August 27, 1977. A son, William C. Cella, was born of the marriage on April 24, 1991. On March 18, 1999, wife filed for divorce, requesting an award of child custody, support and division of marital property. Husband filed an answer and a cross-petition. The case was set for trial on February 23, 1999 before the Honorable Michael Jamison, then sitting in Division 43. Both husband and wife appeared at trial, but due to an alleged misunderstanding with his attorney, he left the courthouse after a recess. Husband's counsel then filed a motion for and was granted leave to withdraw. Husband's counsel did not request a continuance, nor does the record reflect that he provided husband notice of his intent to withdraw.

■ With both husband and his counsel absent, the court heard wife's evidence concerning child support, visitation, custody and property division. The court then entered a "default" judgment dissolving the marriage.[1] Husband hired new coun-

---

1. Where a party has filed an answer, the later    judgment is not a default judgment but rather

sel and timely filed a Rule 75.01 motion to set aside, vacate or re-open the February 23rd judgment. Judge Jamison granted husband's motion on March 25, 1999. That order reads, in relevant part:

1. *For good cause shown,* including but not limited to, Respondent's misunderstanding with prior counsel, and the potential material error regarding child support, *this court hereby vacates and reopens this judgment* entered February 23, 1999, under rule 75.01.

2. As a special condition of this order, said judgment will be re-opened for a period of thirty days from February 25, 1999, to allow the parties time to finally resolve all issues between these two parties.

3. *In the event the parties are unable to finally resolve the issues between them, the Court will re-enter its judgment dated February 23, 1999, without changing its terms,* except for the issue of attorney's fees due Petitioner's attorney, on which the Court will entertain arguments that the attorneys [sic] award should be increased to the benefit of the Petitioner.

(emphasis added).

Rotation of judges caused the case to be transferred from Division 43 to Division 37, Judge Essner presiding. Thirty days elapsed without the parties coming to a new agreement or the filing of a new judgment. Almost seven months later, on November 16, 1999, husband requested a trial setting, arguing that Judge Jamison's March 25 order vacated the February 23 judgment and that it could not be re-entered without a trial on the disputed issues. On December 13, 1999, wife filed a motion for entry of judgment or in the alternative for transfer to Division 43 for entry of judgment *nunc pro tunc.* Wife argued that the terms of the March 25th order called for the February 23rd judgment to be re-instated if the two parties did not resolve their differences within thirty days.

Judge Essner heard arguments and allowed both parties to file memoranda in support of their motions. He then granted wife's motion for entry of judgment and re-entered the original, February 23rd judgment. Judge Essner's judgment, entered on February 6, 2000, reads, in part:

2. On March 25th, this court entered its order to "vacate and reopen this judgement entered February 23, 1999 under Rule 75.01". The March 25th order further provided that the judgement was to be open for 30 days "to allow the parties time to finally resolve all issues between theses two parties." This Court's order also stated specifically that "in the event the parties are unable to finally resolve the issues between them, the court will re-enter its judgement dated February 23, 1999, without changing its terms."

3. The parties did not reach a negotiated solution during this 30 day time period.

4. Respondent correctly cites authority for the general rule that "when an order is vacated, the previously existing status is restored, and the situation is the same as though the order of judgement had never been made." The problem with Respondent's argument is that none of the other language of the March 25th order other then the phrase "vacates and reopens this judgement" reasonably indicates an intent on the part of the Court to undercut the other various

a judgment on the merits. *Cotleur v. Danziger,* 870 S.W.2d 234, 237 (Mo. banc 1994);

*Willis v. Placke,* 903 S.W.2d 219, 221 (Mo. App. E.D.1995).

terms of the February 25th order.[2] In fact, the March 25th order clearly intends to carry forward the mandates of the February 25th order in terms of the immediate payment of child support and the order specifically states that all of the terms of the February 25th would be reinstated if the parties did not come up with a different resolution of certain issues by March 25th.[3]

5. Therefore it is appropriate for the Court to now officially take the action that was intended by the language of the March 25th order which was to reenter the Court's judgement of February 25th without changing its terms.

(footnotes added). From this re-entered judgment husband appeals.

■ Supreme Court Rule 75.01 provides, in relevant part, that the trial court "retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." It is also within a trial court's power to attach special conditions to its vacation of a judgment. *See* 75B AM.JUR.2D TRIAL § 1954 (2000). But the conditions the court imposes "must relate to the reasons for the relief." *Id.*

Here, the trial court found that there was good cause for husband's absence and a potential material error regarding child support. It then vacated its prior judgment and re-opened the case. But the court also attached the condition that if the parties did not "resolve all issues" within thirty days, the court would re-enter its original judgment. Because wife had already obtained a favorable "default" judgment, which would be re-entered if the

parties did not come to a different agreement, she had no incentive to negotiate a settlement. Husband was thus forced to settle, if at all, on terms dictated by wife. It is not surprising, in these circumstances, that there was no settlement.

■ It is beyond the power of a court to *force* parties to settle. *See Curtiss–Wright Corp. v. Helfand,* 687 F.2d 171, 175 (7th Cir.1982); *Woods v. Murdock,* 177 Mich.App. 210, 441 N.W.2d 63 (1989). The special condition requiring the parties to settle the case was therefore beyond the power of the court to impose. When a part of a trial court's order exceeds its jurisdiction, but the order is otherwise valid, the valid portions of the order will be upheld on appeal and the invalid portions severed. *Smethers v. Smethers,* 263 S.W.2d 60, 62 (Mo.App.1953). We therefore uphold the court's order vacating its February 23rd judgment and re-opening the case; but sever the special condition because it exceeds the court's jurisdiction.

When the court found good cause for husband's absence and a potential material error regarding child support and vacated its prior judgment, the parties were restored to their previous status and the posture of the case was as though the original judgment was never entered. *Ball v. Shannon,* 975 S.W.2d 947, 948 (Mo. App. S.D.1998). Because the court found there was good cause for the husband's failure to appear for the afternoon hearing and a potential material error in child support, due process required the court to give husband a meaningful opportunity to be heard on the merits. U.S.C.A. CONST. AMENDS. 5, 14; V.A.M.S. CONST. ART. 1, § 10.

---

**2.** The actual date of Judge Jamison's rule 75.01 order was March 25th, 1999.

**3.** The actual date of the original judgment of dissolution was February 23rd, 1999.

The judgment of February 6, 2000 is reversed, and the matter is remanded with instructions to proceed on the merits.

AHRENS, P.J., concurs.

CRANDALL, J., concurs.