Sherry Kay **STELTS**, Petitioner–Appellant,

v.

Michael **STELTS**, Respondent–Respondent.

No. 25584.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 18, 2004.

Elizabeth Davis, The Glades Law Firm, Joplin, for appellant.

John J. Podleski, Crandall & Podleski, P.C., Carthage, for respondent.

KENNETH W. SHRUM, Judge.

Sherry Kay Stelts ("Wife") appeals from a judgment that dissolved her marriage to Michael Stelts ("Husband"). Wife's first point relied on charges the trial court lacked "jurisdiction" to enforce the parties' settlement agreement and to use that agreement as a basis for entry of judgment. We find no merit in this point. We dismiss Wife's only other point for briefing deficiencies. The judgment is affirmed.

## FACTS

Husband's and Wife's dissolution case was set for trial on August 16, 2002. After arriving at the courthouse for trial, the parties spent most of the day negotiating a settlement of their disputes. Ultimately, they and their attorneys announced to the trial judge that all but five issues had been compromised and settled. They then presented the settlement to the judge for his approval. This was done in open court and on the record, via sworn testimony and exhibits. They asked the judge to decide the five unresolved issues, all of which related to their only child. The parties asked the judge to hear evidence on the five issues and then incorporate his decision into their settlement, i.e., as part of the ultimate judgment. The five outstanding issues were: What would be the beginning and end times of weekend visitation for the child; which party should get the tax dependency deduction for the child; whether Wife would provide clothing for the child while Husband exercised his custody rights; who should have responsibility for the child's non-covered healthcare expenses; and whether a mediation clause should be added to the parenting plan.

At the conclusion of the hearing, the judge made an on-the-record announcement of his decision regarding the five outstanding issues. The court's pronouncement regarding child custody, parenting plan, and preparation of the decree was as follows:

"BY JUDGE: Care and custody of the minor child is awarded jointly to the parties in accordance with the parenting plan marked as [Father's] exhibit # A and modified by the evidence. And I assume, Mr. Podleski [Father's lawyer],

you're going to prepare the decree and also parenting plan?

"BY MR. PODLESKI: Yes, it will be incorporated directly into the judgment, Judge. And I will submit it to Mr. Payne [Wife's trial lawyer] before submitting it to the Court so he can verify the accuracy of it."

After the hearing, Father's lawyer sent a proposed judgment to the trial judge and Mother's lawyer. Through correspondence dated October 8, 2001, Mother's lawyer complained generally that "some of the issues contained in the judgment are still unresolved." He did not, however, specify his complaints, nor did he spell out how the judgment purportedly varied from the settlement agreement.

Ultimately, the trial judge signed a judgment prepared by Husband's attorney, thus implicitly accepting Husband's position that the judgment incorporated the settlement agreement and the court's decision on the five disputed issues. This judgment was dated December 31, 2001, and filed with the circuit clerk on January 4, 2002.

On January 29, 2002, Wife filed a motion in which she asked the court to "set aside, vacate, or reopen" the judgment "pursuant to Rule 75.01." Wife claimed that the judgment prepared for the court by Husband's attorney contained terms to which she did not agree.[1] Via docket entry on January 31, 2002, the court sustained Wife's motion "to set aside judgment ... as it pertains to the Parenting Plan, including custody, visitation and support." This docket entry specifically denominated the judge's action as a "reopen[ing]" of the case.

On February 20, 2002, Husband filed a motion to enforce the settlement agreement. For numerous reasons, the case was ultimately transferred from the original trial judge to Judge Dermott ("second court"). On December 31, 2002, the second court held a hearing on Husband's motion. Thereafter, the second court entered a judgment of dissolution wherein it found that the settlement agreement should be enforced; therefore, the second court "reinstated" the original judgment "as modified" by its present judgment. A docket entry by the second court at the time it reentered the original judgment read:

"The Court has reviewed the transcript of the August 16, 2001, hearing before Judge Copeland. It makes clear the agreement of the parties and the decision of the Court as to items not agreed to. Therefore, the Court here orders enforcement of the settlement agreed to between the parties.

As an aide to drafting the parenting plan the Court addresses the parties' disagreements which were addressed by Judge Copeland beginning on page 61 of the transcript."

Upon entry of the second judgment, Wife appealed to this court.

**DISCUSSION AND DECISION**

In her first point, Wife asserts that "[t]he second [trial] court abused its discretion and committed reversible error when it sustained [Husband's] motion to enforce settlement in that the second [trial] court *exceeded its jurisdiction* in taking such action after a portion of the decree had previously been set aside by the original trial court."

---

1. Those terms included the following: (1) the periods and terms related to weekday visitation, summer visitation, and the birthday visitation; (2) "babysitting" arrangements; and (3) the child support amount.

Her argument in support of this point starts with the notion that the trial court's January 31, 2002, order that set aside the "Parenting Plan" provisions of the judgment was an appealable order. She asserts that if Husband was "unhappy with the Order to Set Aside, then his remedy would have been to appeal the same, which he failed to do." According to Wife, Husband's failure to appeal the order setting aside the parenting plan portion of the judgment made it "inappropriate for the second [trial] court to overturn the Order to Set Aside, as this issue fell within the jurisdictional parameters of the Missouri Court of Appeals." With her argument thus structured, Wife insists that reversal is mandated because the second trial court "exceeded its jurisdiction" when it purported to enforce the settlement agreed to between the parties. We disagree.

■■■ Wife is simply wrong when she says that the January 31, 2002, order that reopened the case by setting aside part of the judgment must be considered an appealable order. "Appeals are creatures of statutes and without underlying statutory authority, no right to appeal exists." *Four Seasons v. Abrams*, 858 S.W.2d 835, 836[2] (Mo.App.1993). The basic statute that creates the right to appeal in Missouri is section 512.020. It permits an appeal from *any order granting a new trial*. It does not, however, authorize appeal from an order sustaining a Rule 75.01 motion by vacating a judgment *unless* the trial court has appropriately treated it as one granting a new trial.

■■■ If a Rule 75.01 motion is directed toward errors of fact or law in the trial, it can be treated as a motion for new trial, thus extending the period to ninety days in which the trial court retains jurisdiction over the judgment. *Downing v. Howe*, 60 S.W.3d 646, 648–49 (Mo.App.2001). That does not mean, however, that a trial court cannot sustain a Rule 75.01 motion (if done timely) without granting a new trial. Rule 75.01 specifically authorizes that procedure, i.e., partially vacating a judgment and reopening the case so that a court can reconsider specific issues *without* ordering a new trial. *See Cella v. Cella*, 41 S.W.3d 629, 632 (Mo.App.2001). Wife does not cite a case, nor has this court found one, which holds that a Rule 75.01 motion that is timely ruled favorably to the movant must include the award of a new trial.

■■■ Here, a fair and reasonable reading of the court's January 31, 2002, docket sheet indicates an intent to set aside part of the judgment and reopen part of the case without anything more, i.e., without ordering a new trial. Accordingly, the January 31, 2002, order was not appealable as Wife claims. *Mitchell v. Johnston*, 241 S.W.2d 902, 903 (Mo.1951) (holding an order cannot be appealed where it is neither a final judgment, nor a special order after final judgment, nor one that is treated as an order sustaining a motion for new trial). Instead, entry of the order simply meant that, with respect to the child custody and support issues, the parties were restored to the status they had before the judgment. *Cella*, 41 S.W.3d at 632. Specifically, they had a basic agreement on all but five issues regarding custody, visitation, support, and other parenting plan provisions. Moreover, that basic agreement had been spread upon the record in open court, with each party requesting approval of it. Under the circumstances, Wife's "lack of jurisdiction" argument fails because courts may, and often do, act upon and enforce oral agreements and stipulations entered into in open court and spread upon the record by parties represented by able counsel. *Tompkins v. Baker*, 997 S.W.2d 84, 89 (Mo.App.1999) (holding trial court had authority to enforce child custody agreement reached by oral agreement

in open court). *See also Perryman v. Perryman*, 117 S.W.3d 681, 685–86 (Mo. App.2003); *Carter v. Carter*, 869 S.W.2d 822, 829 (Mo.App.1994); *Peirick v. Peirick*, 641 S.W.2d 195, 196 (Mo.App.1982); *Markwardt v. Markwardt*, 617 S.W.2d 461, 462 (Mo.App.1981) (cases holding trial courts have authority to enforce property division agreements reached by oral agreement in open court).

On the record presented and based on the foregoing authorities, we find the trial court did not "exceed its jurisdiction" by sustaining Husband's motion to enforce the oral settlement agreement.[2] Point I is denied.

Wife's second point on appeal has two parts. First, it maintains that the second trial court abused its discretion and committed reversible error when it sustained Husband's motion to enforce the settlement because the court "failed to make a finding that the parties' settlement agreement was 'not unconscionable.'" This complaint is premised on section 452.325.2, which provides, in pertinent part, as follows:

"In a proceeding for dissolution of marriage ... the terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court *unless* it finds ... that the separation agreement is *unconscionable*." (Emphasis supplied.)

Wife's argument in support of this prong of Point II asserts that "(t)he failure to make a finding of unconscionability questions the validity of *all* the terms in the dissolution Judgment...."[3]

In another prong of Point II, Wife charges the second trial court committed reversible error in that "the parties were not 'presently in agreement' at the time the proposed judgment was submitted by [Husband]." The exact nature of Wife's claims in this second prong of Point II is less than clear, i.e., she may be claiming entitlement to withdraw from the agreement after it was spread on the record but before the judgments were prepared, or she might be claiming that the judgments entered did not substantially reflect the

**2.** We do not ignore Wife's claim (unpreserved because it is found only in the argument section of her brief and not a point relied on) that the first court's judgment contained "ambiguities," "discrepancies," and changes from the terms of the settlement agreement reached during trial. Because the second court's judgment essentially reprises the first judgment, we have gratuitously reviewed the record to determine if there is any material difference between what was agreed to and what was put in the judgments. Contrary to Wife's assertions, we find no material differences between the agreement and the judgments. Moreover, we find the judgments sufficiently precise to minimize the need for recourse to further litigation. *See, e.g., Carter*, 869 S.W.2d at 829–30.

**3.** We note here that Wife's argument is simply wrong. First, the plain language of the statute requires a court to make a finding of unconscionability only when the evidence indicates that the agreement is unconscionable and the court seeks not to be bound thereby. *See, e.g., Merritt v. Merritt*, 616 S.W.2d 585, 587 (Mo.App.1981). The converse of that proposition is not necessarily true. *Cf. Scism v. Scism*, 844 S.W.2d 506, 507[4] (Mo.App. 1992) (holding trial court's enforcement of an antenuptial agreement was an implicit finding that the agreement was conscionable). Second, as to the property division of the judgment, Wife has *never* argued that the agreement dividing it was unconscionable. Wife has abandoned any such argument. *Id.* at 507. Finally, as to the custody provisions of the judgment, the statutory language clearly makes it inapplicable. A court cannot be bound by the parents' stipulations or agreements as to custodial issues, but must decide those issues based upon an independent judgment of what is in the child's best interests. *Distler v. Distler*, 877 S.W.2d 184, 185 (Mo. App.1994).

oral agreement that was spread on the record and approved in open court.

Without attempting to decipher what Wife intended, it is clear Wife's second point attempts to present disparate claims of error, and in that respect, it fails to conform to Rule 84.04. " 'A statement of a point relied on . . . violates Rule 84.04 when it groups together contentions not related to a single issue.' " *Burns v. Elk River Ambulance, Inc.,* 55 S.W.3d 466–477[18] (Mo.App.2001) (quoting *Biever v. Williams,* 755 S.W.2d 291, 293 (Mo.App. 1988)). "Improper points relied on, including those that are multifarious, preserve nothing for appellate review." *Id.* at 477[19].

Moreover, Wife's point merely sets forth the trial court error without explaining why, in the context of the case, that alleged error requires reversal. Likewise, the two alleged "reasons" for reversal fail to adequately identify a legal justification as to why the trial court erred. "It is not sufficient to merely set out what the alleged errors are without stating why." *Landers v. Huffman,* 914 S.W.2d 394, 396 (Mo.App.1996).

Furthermore, Rule 84.13(b) precludes this court from reversing a trial court judgment unless the alleged error committed against Wife materially affects the merits of the action. Here, Wife's point and argument are devoid of any allegation setting forth how the alleged errors prejudiced her case. Wife's failure to *even allege* that she was prejudiced by the errors justifies this court's denying review of her point. *Wood v. Wood,* 94 S.W.3d 397, 404–05[6] (Mo.App.2003).

Further description of the faulty nature of Wife's point and argument is unnecessary. The foregoing reasons amply reveal that Wife has failed to preserve any alleged error for review. Consequently, Point II is dismissed.

The judgment of the trial court is affirmed.

PARRISH, J. and BATES, J., concur.