Tina R. CARMACK, n/k/a Tina R. Stevens, Petitioner–Appellant,

v.

Gregory Scott CARMACK, Respondent–Respondent.

No. 25738.

Missouri Court of Appeals, Southern District, Division One.

Nov. 12, 2004.

Jim S. Green, Sikeston, for appellant.

James M. McClellan, Sikeston, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Tina (Carmack) Stevens ("Mother") appeals from a decision of the trial court modifying her Georgia dissolution in order to grant custody of the minor child, d.o.b. May 5, 1992, to Gregory S. Carmack ("Father"). Mother allowed the minor child to extend a Christmas visitation commencing on December 20, 2001 until May 30, 2002, the end of the school year, to allow the minor child to attend school in Missouri. Prior to the completion of the school year, Father filed a motion for temporary custody and a motion to modify custody. Mother filed an Answer and a motion to dismiss for lack of subject matter jurisdiction. Father subsequently filed an Amended Motion to Modify the judgment, alleging facts indicating that the child had been medically neglected and/or abused by Mother. After a hearing was held on both the Motion for Temporary Custody and Motion to Dismiss, the court granted temporary custody to Father and overruled the motion to dismiss. Subsequently, the court granted the modification. In three inadequate points relied on, Mother appears to contend that the trial court did not have subject matter jurisdiction to modify the Georgia decree and did not follow the law in entering its orders.

■ Mother's first point states:

The trial court erred in modifying the Georgia judgment and decree of divorce because it did not have subject matter jurisdiction to modify the Georgia decree.

Each point relied on in an appellant's brief must (1) identify the trial court ruling or action being challenged, (2) state the legal reasons for the claim of reversible error in a concise fashion, and (3) explain why (in the context of the case) those legal reasons support the claim of error. Rule

84.04(d)(1).[1] Rule 84.04(d) was propounded in order to provide the opposing party notice of the precise matters which must be contended with and to inform the court of the issues presented for review. *Young v. Ernst,* 113 S.W.3d 695, 697 (Mo.App. S.D.2003). Mother's point fails to explain, in any fashion, why, in the context of this case, the trial court did not have subject matter jurisdiction to modify the Georgia decree.

Mother compounds the inadequacy of the point relied on in her argument. Mother sets forth Section 452.450,[2] commonly referred to as the Uniform Child Custody Jurisdiction Act ("U.C.C.J.A."), which sets forth the basis for a Missouri court to assume "jurisdiction" of a child subject to another state's custody order. Mother cites to the procedural facts of the filing of the motions to support her proposition that Missouri was not the home state

of the child at the commencement of the proceeding nor had it been the home state six months prior to the commencement of the proceeding. She cites to several cases wherein it was found that Missouri should not exercise jurisdiction over a child on any basis.

Mother does not cite to any facts regarding the remaining three bases in which a court of this state has jurisdiction pursuant to the U.C.C.J.A. to make a child custody determination. Mother does not argue or present any evidence that it is not in the best interest of the child that this Court assume jurisdiction nor that neither the child and one of his parents have a significant connection with the state. *See* § 452.450.1(2)(a). Mother does not argue that there is not available in this state substantial evidence concerning the child's present or future case, protection, training

---

1. All rule references are to Supreme Court Rules (2004), unless otherwise stated.

2. Section 452.450 states:
   1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
   (1) This state:
   (a) Is the home state of the child at the time of commencement of the proceeding; or
   (b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state; or
   (2) It is in the best interest of the child that a court of this state assume jurisdiction because:
   (a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and
   (b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
   (3) The child is physically present in this state and:
   (a) The child has been abandoned; or

(b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or
(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.
   2. Except as provided in subdivisions (3) and (4) of subjection 1 of this section, physical presence of the child, or of the child and one of the litigants, in this state is not sufficient alone to confer jurisdiction on a court of this state to make a child custody determination.
   3. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
All references to statutes are to RSMo 2000, unless otherwise indicted.

and personal relationship. *See* § 452.450.1(2)(b). Mother does not present any facts nor argue that there was not an emergency and it was necessary to protect the child because the child was subjected to or threatened with mistreatment or abuse, or otherwise neglected. *See* § 452.450.1(3). Apparently, Mother rested her entire case on the provision regarding Missouri being the "home state" and presented no evidence to counter any of the evidence presented by Father.

Likewise, Point II and its argument do not assist the court. Point II states:

> The trial court erred in modifying the Georgia judgment and decree of divorce because the trial court failed to follow the law:
>
> (A) when it entered a temporary order of custody without first having a hearing; and
>
> (B) with entering the custodial order which in effect gives the mother only summertime visitation unless she moves to Missouri; and
>
> (C) when it changed the unpaid amount of the child support.

Mother's point embraces three totally separate concepts. Prong "A" claims error for entering a temporary order of custody without first having a hearing. Prong "A" fails to state the legal reason for the claim of reversible error in a concise fashion. Prong "B" claims trial court error for entering a defective visitation plan; however, the point fails to state the legal reasons for the claim of reversible error or why, in the context of the case, the legal reasons support the claim of error. Prong "C" simply claims error "when it changed the unpaid amount of the child support." Again, Mother fails to provide any legal reason why the court cannot change the unpaid child support nor explain how the facts of this case support the legal reason. These deficiencies alone support a denial of Point II. A point relied on violates Rule 84.04(d) if it fails to state legal reasons for the claim of reversible error and explain, why, in the context of this case, those legal reasons support its claim of error. *Daniel v. Indiana Mills & Mfg., Inc.*, 103 S.W.3d 302, 307 (Mo.App. S.D.2003). "When a point on appeal fails to comply substantially with the strictures of Rule 84.04(d), nothing is preserved for appellate review." *Harrison v. Woods Super Markets, Inc.*, 115 S.W.3d 384, 387 (Mo.App. S.D.2003).

■ Mother compounds her briefing deficiencies by presenting disparate claims of error. The issues dealing with the temporary orders of custody, the permanent parenting plan and the modification of unpaid child support are not related to a single issue. "Improper points relied on, including those that are multifarious, preserve nothing for appellate review." *Stelts v. Stelts*, 126 S.W.3d 499, 504 (Mo.App. S.D. 2004).

Mother's statement of facts and argument do not clarify Mother's points. Aside from her bare assertion noted in the first prong of the point, Mother fails to show that a hearing was not held. Her argument has one sentence that reads, "[f]rom the Court's Docket it is clear the Court did not have a hearing on the Motion for Temporary Custody. The Court simply entered an Order for Temporary Custody on September 9, 2002, even while the Court's jurisdiction was being challenged." The docket sheet indicates: "13 –Aug–2002 **Hearing Held** Petitioner appears in person with her attorney, Jim Green; Respondent appears in person with his attorney, Jim McClellan. Motion for Temporary Custody and Motion to Dismiss taken up. Parties to submit briefs within 10 days. TP." We cannot ascertain

the basis of Mother's assertion that a hearing was not held.

Likewise, in all three prongs, she fails to direct this Court's attention to anywhere in the record where evidence exists to support her assertions. The statement of facts is simply a procedural recitation of court actions. Contrary to the dictates of Rule 84.04(c), Mother fails to list any of the evidence contrary to her position. An accurate recital of the facts is equally important in the argument portion of the brief. *State ex rel. Highway and Transp. Comm'n v. Pipkin*, 818 S.W.2d 688, 690 (Mo.App. S.D.1991) Such disregard for the rule "results in unfairness to parties with appeals pending who have observed the requirements of Rule 84.04." *Kent v. Charlie Chicken, II Inc.*, 972 S.W.2d 513, 516 (Mo.App. E.D.1998)

Point III suffers from the same deficiencies in that it fails to provide why in the context of this case the trial court erred in modifying the Georgia judgment. Mother fails to cite to any evidence regarding the child's environment in Georgia at all. Her argument simply states that all of Father's witnesses stated they had not been in Georgia at the child's home with Mother. She concludes that all of the evidence must have come from the child and, therefore, was "hearsay." She does not contend trial court error in allowing inadmissible evidence nor provide any cases to support her position that such evidence is not admissible.

The briefing deficiencies in all three points justify dismissing this appeal; however, we are generally reluctant to dismiss appeals concerning child custody matters for violations of Rule 84.04. *Ludwig v. Ludwig*, 126 S.W.3d 466, 471 (Mo.App. W.D.2004). We have reviewed the transcript ex gratia to determine if the court order modifying custody is supported by substantial evidence, is not against the weight of the evidence or contains an error of law. We find no error and affirm.

■ Although Mother contends the trial court did not have subject matter jurisdiction to modify the dissolution decree, initially, we note Mother did not provide to this Court a copy of a verified motion to dismiss. *See State ex rel. Laws v. Higgins*, 734 S.W.2d 274 (Mo.App. S.D.1987). Because we do not know from Mother's point relied on, verified motion to dismiss, statement of facts or argument which grounds of U.C.C.J.A. Mother contends were insufficient, we have examined the record to determine if there was a basis for the court's assumption of jurisdiction on any grounds of the motion to modify.

The trial court also noted:

[that conditions of] neglect, abuse and mistreatment of the minor child, such as medical neglect, unsanitary living conditions, domestic violence, unstable home environment and other issues affecting the minor child's mental and physical health occurred while in the physical custody of the mother, thus placing the minor child in need of the Court entering this order, which, if litigated at the time the minor child was returned to the State of Missouri on or about December 21, 2001, would have made it appropriate for the entry of an emergency order vesting the State of Missouri with jurisdiction over the minor child at the commencement of the proceeding, or upon the minor child's return to Missouri.

It is clear from the record that child was present in this state and there was an emergency wherein it was necessary to protect the minor child because she had been subjected to mistreatment, abuse and neglect. *See* § 452.450.1(3). Although it is true that generally this section has been exercised by a juvenile court where the state assumes parens patriae jurisdiction

requiring immediate protection, the uncontroverted evidence in this case would support the juvenile court taking jurisdiction of this child because of the serious abuse and neglect allegations. The allegations of abuse and neglect were not negligible. The testimony indicated Mother told Father that she was thinking about putting the child in a mental institute or boot camp because of a "big fight" between the child and her stepfather. Furthermore, Mother made no attempt to visit with the child from December of 2001 to the summer of 2002. Mother presented no evidence to rebut any of the allegations. It was at that point that Mother agreed the child could extend Christmas vacation and attend school in Missouri. The court heard the evidence that the child was filthy when she came to Missouri, had inadequate clothing which didn't fit or was worn out, and was receiving questionable medical care.

Likewise, the court could have assumed jurisdiction under Section 452.450.1(2) because the child and Father had a significant connection with Missouri and there was available in Missouri substantial evidence concerning the child's present or future care, protection, training and personal relationships. The court heard the testimony of Father, stepmother, a teacher in the child's school, and a licensed counselor. All of the witnesses testified that the child had been subjected to abuse and neglect in Georgia while in Mother's custody. They further testified that the child thrived in Missouri, receiving academic honors and social awards, including acceptance into a gifted program. She participated in school activities in Missouri and appeared well adjusted. Mother presented no evidence to the contrary.

The court made specific findings that the minor child had been medically neglected and/or abused by Mother and that

Mother lived in unsanitary living conditions consisting of roaches, animal feces and general uncleanliness. The living conditions of Mother's home were unsafe in that the minor child had a syringe with her possessions and has found other needles in Mother's bedroom. The court noted that law enforcement officers are frequently called to Mother's home and Mother's home life was unstable with rotating paramours in Mother's life and frequent moves. The trial court made a finding that Mother "pulled" the minor child from public school with no alternative educational program. Substantial evidence supports those findings.

██ The ample evidence supporting jurisdiction in Missouri also supports the change in custody. Mother argues that there was insufficient evidence to show that a "significant change" in the child's or the custodial parent's circumstances from the date of dissolution to the date of the filing of the motion to modify. Surely, Mother cannot be arguing that such conditions existed during the child's entire life. Obviously, the dissolution court would not have given custody to Mother had the child been subjected to such an environment her entire life. As stated herein, the court found evidence that Mother did not provide the child with a safe, stable environment. The court found the child was thriving while living with her father in Missouri and it was in the best interest of the minor child to remain with her father. Based on the unique circumstances in this case, we find no error in the judgment modifying the custody order. The Judgment and Decree of Modification is affirmed.

GARRISON, P.J., and PREWITT, J., concur.