**In re the MARRIAGE OF Stephanie LeGALL and Jean B. LeGall.**

**Stephanie LeGall, Petitioner–Respondent,**

v.

**Jean B. LeGall, Respondent–Appellant.**

**No. 26607.**

Missouri Court of Appeals, Southern District.

Sept. 12, 2005.

Christopher A. Hazelrigg, Springfield, MO, for Appellant.

James L. Thomas, Waynesville, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Jean B. LeGall ("Father") appeals from the judgment dissolving his two-year marriage to Stephanie LeGall ("Mother"). The demise of the marriage also saw a family plagued with infidelities on both sides, foreclosure on the marital home, repossession of a family car, credit card indebtedness of over $50,000.00 for consumer goods, and the birth of two children under the age of two. In addition, each parent has two children from previous marriages. With limited information pro-

vided at trial,[1] the trial court attempted to award to each his or her nonmarital property, divide the marital property and debts, award custody and visitation, and order child support. Father raises four points on appeal, which appear to challenge each of these rulings.[2] We find that two of Father's points have merit, reverse and remand as to those two points, and affirm the remainder of the judgment of dissolution.

▮ This Court must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Marriage of Holden*, 81 S.W.3d 217, 220 (Mo. App. S.D.2002). "The judgment may be set aside as being against the weight of the evidence only with caution and a firm belief it is wrong." *Id.* "We defer to the trial court's determination of witness credibility, as the judge is in the better position to view sincerity, character, and other intangibles not apparent in the record on appeal." *Id.*

▮ We shall address Father's points as we discern them to be. Appellant's first point claims error in awarding "property" to Mother because the evidence clearly showed it was nonmarital property belonging to Father. In his argument, Father claims this nonmarital property to be a Sony television, entertainment center, and master bedroom set, which had been acquired prior to the marriage; in support, he points to a credit card statement in the amount of $1,026.37, showing items purchased at Best Buy in April 2000, almost an entire year before commencement of their marriage. The trial court did award Father a 62″ television as his sole and

separate property; however, this television does not appear to be the television claimed as nonmarital in this appeal. Although Father's testimony at trial supports his claim as to the date of purchase of something at Best Buy ten months prior to the marriage, Father also testified he still owed money on the entertainment center and the master bedroom set.

Mother contends her Statement of Property and her testimony at trial demonstrated that this property was marital. Mother's testimony was less than clear:

[Father's counsel]: Now, there is a 62–inch television in your possession; is that correct?

[Mother]: Yes, sir.

[Father's counsel]: When was that purchased?

[Mother]: I don't know the exact date.

[Father's counsel]: It was purchased prior to the marriage; is that correct?

[Mother]: I want to say it was purchased after our marriage.

[Father's counsel]: How about the 48–inch television?

[Mother]: That was purchased while we were—I think while we were married.

[Father's counsel]: Now—

[Mother]: I'm not certain.

[Father's counsel]: In regard to that, there's a master bedroom set; is that correct?

[Mother]: Yes, there is.

[Father's counsel]: There's money owed on that; isn't that correct?

[Mother]: I don't know.

. . . .

---

1. At the end of the trial, the judge stated that he thought both Mother and Father had lied to him about various issues, including support payments, affairs, and income.

2. We say "appear to challenge" because arguably each of the points on appeal is defective.

[Father's counsel]: Is there an entertainment center?

[Mother]: Yes.

[Father's counsel]: And there's money owed on that, isn't there?

[Mother]: I don't know.

■ It is apparent that neither party provided the court with how much of the charges for the master bedroom suite, television, or entertainment center had been paid during the marriage. Likewise, it is not even clear which television was awarded to Wife. However, it is clear that up until the dissolution of marriage, the payments for the disputed items were still outstanding. "Under the 'source of funds' rule applied in Missouri, property is considered to be acquired as it is paid for...." *Moore v. Moore*, 111 S.W.3d 530, 535 (Mo.App. S.D.2003) (quoting *Alexander v. Alexander*, 956 S.W.2d 957, 961 (Mo.App. W.D.1997)). We, therefore, do not find any trial court error in the designation of the entertainment center, the television set in the entertainment center, and the master bedroom suite as marital property. We cannot convict the trial court of error in the record presented to the trial court and to this Court. Point I is denied.

■ In Point II, Father appears to challenge the distribution of property, specifically, the award of all the parties' debt to Father. Father does not give a breakdown of the total award of property but merely argues that he was ordered to pay $54,000.00 in credit card debt, which does not include any deficiencies on the foreclosed and repossessed property. Mother counters that the award of debt was fair because she was not awarded mainte-

nance.[3] Although a brief review of the parties' property statements of debts indicates substantial debts, Father has failed to develop his point. A point relied on must not only state the legal reason for a claim of error, but the point must also provide why, in the context of the case, that legal reason supports its claim of error. *Carmack v. Carmack*, 148 S.W.3d 321, 322 (Mo.App. S.D.2004). Neither this Court, nor the trial court, was given the information concerning the indebtedness prior to the marriage, the indebtedness incurred during the marriage, and which party incurred the indebtedness. Based on the record before us, we cannot find that the award of debts was against the weight of the evidence. Point II is denied.

■ In Point III Father claims:

The Trial Court erred to the prejudice of the Appellant by making a finding that Respondent shall be the "primary" physical custodian of the minor children, as this erroneously applied the law, as both Appellant and Respondent shall be designated as the joint physical custodians of the minor children.

Father's argument consists of two paragraphs:

In *Malawey v. Malawey*, 137 S.W.3d. [sic] 518 (Mo.App.2004), the court held that the trial court erred by awarding a parent "primary" physical custody of the children. In addition, Section 452.375 RSMo is void of any language authorizing the award of "primary" physical custody to either parent.

The trial court in this case clearly awarded the Respondent "primary" physical custody of the minor children in

---

**3.** In fact, at trial Mother did not request maintenance; however, the trial court inexplicably ordered that all payments from Father to Mother for a division of any of the "marital" property be secured by real estate in Florida, owned by father prior to the marriage, and that "Said money to [Mother] is in lieu of periodic maintenance and it is the Courts [sic] intent that such money award not be discharged in Bankruptcy by [Father]."

the court ordered Parenting Plan. (Lf.80). Error has occurred and the Judgment should be reversed so that both parties shall be designated with joint physical custody of the children.

The trial court did not have the benefit of recent supreme court decisions regarding the designation of a "primary physical custodian." *See Speer v. Colon,* 155 S.W.3d 60, 62 (Mo. banc 2005) (holding that "... Missouri's statutory scheme does not allow for an order granting 'primary physical custody.' "). Because we are remanding for a recalculation of child support as set forth infra, we shall remand to the trial court to designate the parties as joint legal and physical custodians. The trial court made no findings indicating that joint custody was inappropriate and, in fact, ordered joint legal custody. Point III is granted; on remand, the parties should be designated joint legal and physical custodians.

In Point IV, Father contends the trial court erred in awarding $1,244.00 as child support because the Form 14 is not supported by the actual gross income of Father. It is not clear how the trial court arrived at the amount for child support because there is not a Form 14 attached to the judgment and decree.[4] The amount of income attributable to Father was a hotly contested issue during the trial. The testimony indicated Father had worked three jobs at one time, up to 100 hours per week, in an attempt to get out of the huge indebtedness of this marriage; however, he was unable to maintain that schedule. It clearly would be unreasonable for a court to expect Father to work one hundred hours per week, but it appears from points provided in Mother's argument that the court may have indeed attributed income from all three jobs to Father. Again, the parties were less than clear in the written record as to how many hours and how much income Father could earn working reasonable hours, keeping in mind the public policy of this State that Father have adequate time to visit with his children. Compounding the problems in this dissolution is the fact that Father is also in the Army reserves and required to drill and travel for officer's training school. Testimony indicates Father's second job is an hourly job with no benefits, including no vacation or sick leave, and the salary in Father's first job abates should he be put on active status in the military. From the record before us, we cannot find the award of child support to be supported by substantial evidence.

We, therefore, reverse the award of child support and remand for a calculation of an appropriate amount of child support. The judgment is reversed as to the award of primary physical custody and child support; in all other respects, the judgment is affirmed.

PREWITT, P.J., and PARRISH, J., concur.

---

4. It is not even clear if the trial court accepted one of the Form 14s offered by a party or composed its own.